### STATE v. SIMON RAGLAND.

A freeholder is one who owns land in fee, or for life, or for some indeterminate period. As there are legal and equitable estates, so there are legal and equitable freeholds.

A mortgagor in possession, is a freeholder, within the meaning of the Act relating to *talis* jurors, Rev. Code, chap. 31, sec. 29. (Bat. Rev. p. 860.)

(The case of *Lee* v. *Lee*, 71 N. C. Rep., 139, cited and approved. The opinion of the Judges in the contested election case of *Berry* v. *Waddell*, reported in 9 Ired. 319., commented on and not agreed to.)

INDICTMENT for *Rape*, tried before MOORE, J., at Spring Term, 1876, of EDGECOMBE Superior Court.

A *tales* juror was drawn, and challenged for cause, by the State. The juror swore that all of his real estate was under mortgage, but that he was in possession thereof. The prisoner insisted that the juror was a freeholder. The Court allowed the challenge upon the ground that the juror was not a freeholder.

There was a verdict of guilty. Motion for a *venire de novo*. Motion overruled. Judgment was pronounced, and the prisoner appealed.

No counsel for the prisoner in this Court.
*Attorney General Hargrove*, and *Fred. Phillips*, for the State.

RODMAN, J.  By Rev. Code, chap. 31, sec. 29, it is required that *tales* jurors shall be freeholders.  This section is reprinted in Bat. Rev., p. 860, and is recognized as in force in *Lee* v. *Lee*, 71 N. C. Rep., 139.

A freeholder is one who owns land in fee, or for life, or for some indeterminate period.  As there are legal and equitable estates, so there are legal and equitable freeholds. The act does not say that a talis juror must have a legal freehold.  The words and apparent reason are satisfied by the ownership of an equitable one ; as, for example, if he be a *cestui que trust* entitled to the possession and to the legal title.  The question is : Is a mortgagor a freeholder in the view of this act ?  He has not any legal estate.  But in equity he has the entire estate subject to the incumbrance of the debt secured.  The value of the estate will be greater or less according to circumstances.  But the act does not prescribe that the freehold shall be of any particular value ; it is sufficient if it be a freehold in law or in equity.  The current of modern opinion is in favor of regarding a mortgage as simply an incumbrance, diminishing the value, but not the quality of estate, just as a docketed judgment does. We are of opinion, that a mortgagor in possession is a freeholder within the meaning of the act.  This conclusion is contrary to the opinion of the Judges in the contested election case between *Waddell* and *Berry*, in 1848, 9 Ire., 319. We do not feel ourselves bound by the opinion in that case, because it was not a judicial opinion, that is, not given in any case which the Court had jurisdiction to decide, and the reasoning is almost altogether technical.

The opinion *assumed,* that the Constitution intended a *legal* freehold, and with that granted there was no necessity for further argument on that point, as admittedly a mortgagor does not possess a legal estate.  We say assumed, because there was no line of argument by which it could be

demonstrated, whether by the word "freeholder" the Constitution meant simply to regard the legal ownership, or to look to the real interest in the land shown by a rightful receipt of the rents and profits, or required that both should be united in the same person, (which was the conclusion of the Court.) Wherever the line might be drawn, it was to some extent arbitrary, the arguments on each side of the question being equally strong. So in the present case, no one can say with certainty what idea the Legislature had in mind when it required tales jurors to be freeholders. Probably, as is often the case, it had no definite idea. We are required, nevertheless, to affix a definite idea to the word, and we think it more probable that the legislative idea of a freeholder was one who not being a tenant for years or at will, &c., was rightfully and actually in possession of land and of its rents and profits, although not seized of the legal estate. This rule, we think, will be found more convenient in practice; it simplifies the inquiry into qualification, and, to say the least, it cannot be shown to violate the legislative will.

Let this opinion be certified.

PER CURIAM.    Judgment reversed, and a new trial ordered.