Maitlen *v.* Barley—174 Ind. 620.

---

MAITLEN ET AL. *v.* BARLEY ET AL.

[No. 21,575. Filed October 26, 1910.]

1. HIGHWAYS.—*Gravel Roads.* — *"Freeholders."* — *Statutes.* — The word "freeholders," as used in statutes providing for the improvement of highways, is not so strictly construed as in deeds and other instruments affecting title. p. 621.

2. ESTATES.—*"Freeholder."*—A "freeholder" is one who owns land in fee, for life, or for some indeterminate period. p. 621.

3. ESTATES.—*Tenants by the Entirety.—Survivorship.—Divorce.*— An estate by the entirety is held by husband and wife as one person and under one title, and, by virtue of the instrument creating the estate, the whole estate passes to the survivor, a divorce ordinarily severing the estate and causing them to hold as tenants in common. p. 621.

4. HIGHWAYS.—*Gravel Roads.—Petitioners.—Tenants by the Entirety.—Freeholder.*—Under §7712 Burns 1908, Acts 1907 p. 137, providing that "whenever a petition signed by fifty or more freeholders" shall be filed for the construction of a gravel road, the board shall take certain action, a tenant by the entirety is a qualified petitioner. p. 621.

From Delaware Circuit Court; *John F. McClure,* Special Judge.

Highway proceeding by Charles A. Barley and others, against which W. H. Maitlen and others remonstrate. From a judgment for petitioners, remonstrants appeal. *Affirmed.*

*Orr & Orr,* for appellants.

*O. M. Rearick, Ball & Needham* and *Bingham, White & Haymond,* for appellees.

MONTGOMERY, J.—This is a proceeding for the improvement of certain public highways less than three miles in

length, under the provisions of §§7711-7734 Burns 1908. The questions presented on appeal are, with one exception, the same as those decided in the case of *Craw* v. *Dunn* (1910), *ante*, 615. The petition in this case was signed by appellee Barley and fifty-four other persons. Nine of the petitioners owned real estate only as tenants by the entirety, and they were held to be freeholders within the meaning of the statutes authorizing the contemplated improvement. If this holding was correct, the judgment must be affirmed; otherwise it must be reversed.

1. The same technical strictness does not attach to the term "freeholder" when used in statutes similar to that under consideration, as in deeds and other instruments affecting title. *Wheldon* v. *Cornett* (1903), 4 Neb. (Unofficial) 421, 94 N. W. 626.

2. A freeholder is one who owns land in fee, or for life, or for some indeterminate period. *State* v. *Ragland* (1876), 75 N. C. 12; *Harlan* v. *State, ex rel.* (1902), 136 Ala. 150, 33 South. 858; *People, ex rel.*, v. *Scott* (1876), 8 Hun 566.

3. An estate by the entirety is held by husband and wife as one person under one title, the grant, gift or devise which created the estate operating in such manner as to give each the whole; and each is seized of the whole of the estate in the survivor. The survivor, upon the death of the other, does not take as a new acquisition, but holds under the original limitation, his estate being merely freed from participation by the other. A dissolution of the marital relation by divorce is generally held to sever the estate, which is thereafter held as joint tenants or tenants in common according to the differing policies and laws of the several states. *Enyeart* v. *Kepler* (1889), 118 Ind. 34.

4. The making of a road improvement under this statute imposes a charge for its cost and maintenance upon the property of the township in which it is situated. This burden inevitably and chiefly falls upon real

estate, and the legislative purpose manifestly was to authorize such work only on the initiative of a considerable number of resident freeholders of the township concerned. While the term freeholder is used in this connection in contradistinction to those who own merely personal property, and not in its strict primary meaning, it is clear that the owner of real estate as a tenant by the entirety is a freeholder in the ordinary meaning of that word. It follows that the court did not err upon this question in the conclusions of law. All other questions presented were decided adversely to appellants in the case of *Craw* v. *Dunn, supra.*

Judgment is affirmed.