EDWARD SHANK, APPELLEE, v. C. H. LEE ET AL., APPELLANTS.

FILED JANUARY 24, 1912. No. 17,324.

1. **Intoxicating Liquors: LICENSE: PETITION: FREEHOLDER.** A resident of the village in which the application for saloon license is made, who purchased and paid for property in the village, which

he has occupied as a home for three years prior to the application, is a freeholder, although he received no deed of the property until the time, or shortly before, he signed the petition.

2. ——: ——: CHARACTER OF APPLICANT: EVIDENCE. If several witnesses testify in a general way that the applicant is a man of good moral character, and there is no evidence to the contrary, the finding upon that point in favor of the applicant based upon such evidence will not be reversed upon appeal.

3. ——: ——: VIOLATION OF STATUTE: EVIDENCE. Evidence examined, and found insufficient to show that the applicant had violated the statute regulating the sale of intoxicating liquors within the year prior to his application for license.

APPEAL from the district court for Merrick county: CONRAD HOLLENBECK, JUDGE. *Affirmed.*

*Martin & Bockes,* for appellants.

*D. F. Davis, Mills, Mills & Beebe* and *Reeder & Lightner, contra.*

SEDGWICK, J.

Edward Shank applied to the trustees of the village of Silver Creek, in Merrick county, for a saloon license. A remonstrance was filed, and upon hearing the board granted the license. Upon appeal to the district court the action of the village board was affirmed, and the remonstrators have appealed to this court.

The abstract does not show, so far as we have noticed, the number of signers upon the applicant's petition, but it states that the remonstrance alleged that H. N. Wilson, Percy Reed, B. B. Bond, and Lewis Cotton, signers upon the petition, "each was not a *bona fide* resident freeholder of the village of Silver Creek, but had been wrongfully and fraudulently made to appear as a freeholder for the purpose of signing the petition of the applicant"; and the remonstrance also alleged that the applicant had violated the provision of the Slocumb law within the past year, and denied that the applicant was a man of respectable standing and character. The abstract also shows that the re-

monstrators admitted upon the hearing that Percy Reed, B. B. Bond and Lewis Cotton were qualified as signers of the petition. This would leave only one signer, H. N. Wilson, in question. The evidence upon the qualifications of Mr. Wilson, as stated in the abstract, is that Mr. Bell was examined as a witness and identified a deed from himself and wife to Mr. Wilson; that Wilson bought the property of the witness about three years before, but for some special reason took the title in Mr. Bell's name; that Wilson paid the consideration for the property, and had paid the taxes and insurance thereon, and was "now living in the property", and that the witness has no interest in the title to the property. Upon this evidence Wilson was clearly a qualified petitioner. The abstract is quite unsatisfactory and does not comply with the rules; it contains an index of the record, but the abstract itself is not indexed, as required by rule 16 (89 Neb. vii).

The remonstrants contend in their brief that other petitioners were also disqualified. We have examined the evidence contained in the abstract as to the qualifications of the other petitioners, and cannot find from that evidence that the findings of the village board and the district court are not sufficiently sustained by the evidence.

The applicant was called as a witness by the remonstrants, and testified that for some three years prior to his application he had been engaged in conducting a livery stable and a restaurant at Osceola, and that while in the restaurant business he had a government revenue license and sold some malt beer; that he quit the restaurant business July 1, 1910, and had not sold malt beer within the year last past. The statute provides that, if the applicant has violated the provision of the liquor law within the year last past, the village board shall refuse the license. There is no evidence, as shown by the abstract, that this applicant had violated the law within the year prior to his application, and that allegation of the remonstrants was not sustained by the evidence.

Several witnesses, as shown by the abstract, testified that they were well acquainted with the applicant, and that he was a man of good character and standing in the community where he had lived for several years last past. There was no other evidence on that point.

Upon this evidence, we think that the action of the village board is not so clearly wrong as to require a reversal, and the judgment of the district court is

AFFIRMED.