Matter of the Proposed Incorporation of the VILLAGE of HOLCOMB, in the County of Ontario, New York.

(County Court, Ontario County, October, 1916.)

Tenants by the entirety — husband and wife — each a freeholder — corporations — valuation of railroad property outside limits of proposed village — Village Law, § 3.

While husband and wife as tenants by the entirety are in law one person as to the complete fee they are also each freeholders, each being seized with a life interest in the land and entitled to enjoy and possess as though they were tenants in common.

Where husband and wife own lands as tenants by the entirety each is a " freeholder " within the meaning of section 3 of the Village Law and should be counted as such in a proceeding for the proposed incorporation of a village.

Where a consent to the proposed incorporation was signed by a husband, who with his wife were tenants by the entirety within the territory, but not by her, the amount of their assessment on the last preceding tax roll cannot be considered in the aggregate of value of those who signed the consent.

Lands owned by tenants by the entirety were assessed to them jointly and in signing the consent to the proposed village

16

County Court, Ontario County, October, 1916.    [Vol. 97.

incorporation each of said owners signed for one-half of the amount of the assessment.  Held, that while the statement in the consent did not literally follow the words of the assessment-roll it was a substantial and reasonable compliance with the statute which was intended to be beneficial.

The assessed valuation of railroad property within the township but outside of the limits of the proposed village should not be added to the total amount of assessed value within the territory in question.

APPEAL from the decision of the supervisor of the town of East Bloomfield, Ontario county, made pursuant to section 6 of the Village Law, adverse to the proposed incorporation of the village to be known as the "Village of Holcomb."

P. H. Leahy and Clyde W. Knapp, for appellants.

Frank A. Christian and John Colmey, for respondents.

BAKER, J. (of Yates county, acting for Ontario county).  A proposition for the incorporation of a portion of the territory of the township of East Bloomfield, Ontario county, into a village to be named the "Village of Holcomb," was presented to the supervisor of that township.  Attached to the proposition and delivered to the supervisor, concurrently therewith, was a written consent to the proposed incorporation signed by owners of real property situated within the territory.

The proponents did all other things required by sections 2, 3 and 4 of the Village Law.  A hearing was had before the supervisor at which objections to the proposed incorporation were filed as follows:

1. That the proposition was not signed by twenty-five adult resident freeholders of the territory described.

2. That the consent was not signed by the owners of

real property situate within the proposed territory constituting one-third in value thereof as assessed on the last preceding town assessment-roll.

These objections were sustained by the supervisor and the matter is now in this court on appeal.

The proposition is signed by twenty-eight adult residents of the proposed territory. The statute requires the signatures of twenty-five adult freeholders.

It is contended that eight of the persons who signed are not "freeholders," for the reason that they are husbands and wives who own their property as tenants of the entirety and that a tenant of the entirety is not a "freeholder," within the meaning of section 3 of the Village Law. It is contended that a husband and wife as tenants of the entirety cannot be counted even as one signer to the proposition.

Diligence of counsel and of the court has failed to find that the courts of this state have held that a tenant of the entirety is or is not a freeholder.

A freeholder is one who has title to real estate. *People ex rel. Ottman* v. *Hynds,* 30 N. Y. 47; *People* v. *Scott,* 8 Hun, 566.

The estates of inheritance and for life shall continue to be termed estates of the freehold. Real Prop. Law, § 33.

A tenancy by the entirety is based on the unity of the husband and wife and its characteristics are: Its inseverability whereby neither the husband nor wife can, without the consent of the other, prejudice the right of survivorship in the other; each is seized of the whole estate; they do not take by moieties; upon the death of one, the survivor becomes seized of the entire fee; each party has equal rights so long as the question of survivorship is in abeyance.

Since the disability of the wife has been removed

by statute, she is entitled to hold, enjoy and possess with the husband as if they were tenants in common and each of the parties is entitled to one-half of the rents and profits during their joint lives, with power to dispose of his or her moiety during the same period; each is ·a tenant in common of the use during the period of their joint lives with a contingent remainder in fee dependent upon survivorship. *Hiles* v. *Fisher,* 144 N. Y. 306; *Grosser* v. *City of Rochester,* 148 id. 235; *Matter of Goodrich* v. *Village of Otego,* p. 216 id. 112.

I believe that the common-law rights, as modified by statute, to be seized of the whole and enjoy and possess equally the land which they hold as tenants by the entirety, make each of the parties a freeholder within the statute in question; that each is liable for the taxes levied and their interest in the civil and social welfare of their community is as keen and well founded as though they owned separate estates; that each is one of the class which the legislature intended should be proponents in this proceeding.

It is the purpose of the statute to provide that the proponents shall be persons who have a fixed interest in the neighborhood, and in determining the interests of the proponents their rights of property should not be construed with the same technical strictness as though it were a question affecting titles.

I am satisfied that the supervisor fell into the error of counting estates, when he should have counted individual men and women who own estates; that the word " freeholder," in this statute, was used by the legislature in an adjective sense to point out and describe people who might be proponents; but the adjective must not be used to confuse or obstruct its noun.

It does not appear inconsistent to me that, while a husband and wife are in law one person as to the com-

plete fee, they also are each freeholders, each being seized with a life interest in the land; each entitled to hold, enjoy and possess as though they were tenants in common.

The hoary common law that made husband and wife one person, and that principally the husband, has long since been abrogated by our statutes and they now are in law, as they have always been in fact, two persons. When they own lands as tenants of the entirety they are each freeholders and should be counted as such in this proceeding.

It is contended that the " consent " attached to the proposition in this proceeding does not comply with section 3 of the Village Law in that those who signed the consent do not own one-third in value of the real property situated within the proposed territory as assessed upon the last preceding town assessment-roll.

It appears that Melvin N. Phillips and J. C. McGreevey, owning with their wives lands as tenants of the entirety, signed the consent, but their wives did not. Without the signature of the wives the owners of the lands have not signed, and the amount of their assessment, namely, $3,075, cannot be considered in the aggregate value of those who signed the consent.

The lands owned by the tenants of the entirety were assessed to the tenants jointly; for instance, to " Farrell, William and Jennie, $1,200." In signing the consent, William Farrell signed for $600 and Mrs. Farrell signed for $600. It is contended that this does not comply with the statute, which requires the signatures of the owners of real property with the addition of their places of residence and the assessment of their real property as it appeared on the last town assessment-roll.

While the statement in the consent that each was assessed for one-half of their property does not liter-

ally follow the words of the assessment-roll, it correctly states the substance and is a substantial and reasonable compliance with the requirements of the statute — a statute intended to be beneficial.

The New York Central railroad passes through the proposed territory. Its property in the town of East Bloomfield is assessed on the last assessment-roll at $70,500. The evidence taken by the supervisor shows that the proportionate share of such assessment within the proposed village is $16,944. The property of the railroad within the proposed village is not assessed upon the assessment-roll, except as it is included in the town assessment.

It will not do, in determining the value of property within the territory, to use the assessed value of the railroad property in the entire township, a larger part of which is not within the proposed village.

Either the proportionate share of the assessed value within the territory should be ascertained or we cannot consider at all the value of this property, for the assessment-roll does not state the value of the railroad property within the limits of the proposed village, nor does the statute provide for a proportionment of the assessed value of such property. But either view brings the proponents within the requirements of the statute, I having reached the conclusion that the consent of the owners of the lands held by tenants of the entirety has been properly given and that the assessed value of the railroad property in the township outside of the proposed village is not to be added to the total amount of assessed values within the territory in question. I conclude that the supervisor erred in finding the consent insufficient. The decision of the supervisor should be reversed.

Decision reversed.