S. BOBO DEAN, INTERVENOR, *Appellant,* v. THE STATE OF FLORIDA, *Appellee.*

Opinion Filed November 3, 1917.

1. One who has an immediate beneficial ownership interest, legal or equitable, in the title to a fee simple estate in land, may be regarded as a "freeholder" under the statute providing that in an election to determine whether or not bonds shall be issued by a special tax school district, "only the duly qualified electors thereof who are freeholders shall vote."

2. Electors who were at the time they voted in possession of land in the district under a contract of purchase in fee simple, having paid a portion of the purchase price and having paid taxes on the land, have an equitable freehold estate in the land, even though not fully paid for, and this satisfies the requirements of the statute that a voter in an election on the question of the issue of bonds by a Special Tax School District, shall be a "freeholder" no questions of good faith being involved.

3. The mere fact that one of the inspectors and the clerk of the election for the issue of Special Tax School District bonds were not freeholders in the district, does not invalidate the election, there being no suggestion of a lack of good faith or that the result of the election was thereby in any way affected.

4. Under the statute authorizing bonds to be issued by special

tax school districts, such bonds may be issued for any proper purpose for the exclusive use of public free schools in the district.

Appeal from Circuit Court for Dade County, H. Pierre Branning, Judge.

Decree affirmed.

*James M. Carson,* for Appellants;

*Atkinson & Burdine* and *Bart A. Riley,* for Appellee.

WHITFIELD, J.—Pursuant to the provisions of Chapter 6868 Acts of 1915, the Board of Public Instruction for Dade County filed a petition against the State of Florida in the Circuit Court for Dade County, setting out the proceeding had, including an election held June 2, 1917, authorizing the issue of $150,000 of 6% twenty year bonds by the Miami Special Tax District No. 2 of Dade County, Florida, and praying that the State Attorney for the Circuit be required by order to show cause why the said bonds should not be validated and confirmed.

By amended answer the State Attorney raises the question whether certain of the electors, whose votes in the election would affect the result, were "freeholders" within the requirements of the law, in that they were only in possession of land as holders of contracts for the purchase thereof. The answer concludes: "If the court should determine that said contract holders are freeholders, then the issuance of the bonds described in said petition to the amount of one hundred and fifty thousand ($150,-000.00) dollars of Miami Special Tax School District No. 2, has been duly authorized in the manner required by law."

As permitted by the statute a tax-payer intervened and alleged specific facts in support of the asserted conclusion "that the number of persons voting in said election who were not qualified electors therein was greater than the majority in favor of the issuance of said bonds and that therefore the said bonds ought not to be validated."

A stipulation was filed, as follows: "Pursuant to the order to show cause filed herein the court was duly opened 10 o'clock A. M., July 23rd, 1917, and thereupon the Board of Public Instruction and Miami Special Tax School District No. 2, of Dade County, Florida, a public corporation, produced before the court, its petition for the validation of bonds, together with proof of publication, order to show cause, and certificate of clerk; and the State Attorney thereupon produced before the court the amended answer filed by him in said cause; and thereupon a protest was entered in said cause by S. Bobo Dean, a citizen, tax-payer and freeholder of said County, State and District, which the court ordered filed; and thereupon, in order to dispense with the taking of testimony in this case, the following stipulation was entered into between the State of Florida, by and through John C. Gramling, State Attorney, The Board of Public Instruction and Miami Special Tax School District No. 2 of Dade County, Florida, by and through Atkinson & Burdine and Bart. A. Riley, its attorneys, and S. Bobo Dean, by and through his attorney, James M. Carson;

"IT IS HEREBY STIPULATED AND AGREED that of the persons named in the Clerk's certificate attached to the answer of the State Attorney, the following named persons, to-wit: A. E. Lewis, A. C. Woods, R. A. Reader, J. M. Blow, L. R. Manley, H. P. Gautier, B. E. Wilson, E. T. Thomas, M. R. Chapman, and Fred W. Pine, named in the answer of the State Attorney, were vendees in

certain contracts for the sale of land in said Special Tax School District, the vendors therein prior to and on the date of said contracts being the fee-simple owners and in possession of the land described in said contracts; and from the date of said contract up to and on the date of election, each vendee was in possession of said land mentioned in said contract, had paid a portion of the purchase price due thereunder, were paying taxes thereon, and on the date of said election the vendees therein owned no other lands, and that no other persons named in said certificate or answer were freeholders; and that a copy of one of said contracts is hereto attached and marked Exhibit 'A;' that the other contracts are similar to said exhibit, except as to date, names, description of land and terms of payment.

"That neither James D. Godman, one of the inspectors at said election, nor Frank A. Kopp, Clerk of said election, were, at the time of the holding said election, freeholders in said district; but that their names were on the list of freeholders furnished to the Superintendent of Public Instruction by the Supervisor of Registration.

"Dated Miami, Florida, July 23rd, 1917.

"ATKINSON & BURDINE,
"Solicitors for Complainant.
"JOHN C. GRAMLING,
"Solicitor for Defendant.
"JAMES M. CARSON,
"Solicitor for Intervenor.

"ARTICLES OF AGREEMENT, Made this 21st day of March, in the year of our Lord, one thousand nine hundred and seventeen between Edwin B. Lent and Phebe A. Lent, his wife, parties of the first part, and J. M. Blow party of the second part, Witnesseth, That if the said party of the second part shall first make the payments

and perform the covenants hereinafter mentioned on his part to be made and performed, the said parties of the first part hereby covenant and agree to convey and assure to the said party of the second part, in fee simple, clear of all incumbrances whatever, by a good and sufficient deed, the lot, piece or parcel of ground situated in the county of Dade, State of Florida, known and described as follows, to-wit:

"Lot Eleven (11) of Block Two (2) of 'San Jose' Addition to the City of Miami, according to plat thereof recorded in Plat Book 3, at page 158, of the public records of Dade County, Florida, and the said party of the second part hereby covenants and agrees to pay the said parties of the first part the sum of twenty-six hundred dollars, in the manner following at the rate of $25.00 per month, payable semi-annually, with privilege of paying more if party of second part so desires, with interest at the rate of eight per centum per annum, payable semi-annually on the whole sum remaining from time to time unpaid; and to pay all taxes, assessments, or impositions that may be legally levied or imposed upon said land subsequent to the year 1916, and to keep the buildings upon said premises insured in some company satisfactory to the parties of the first part in a sum not less than $1,500.00 dollars during the term of this agreement.

"And in case of the failure of the said party of the second part to make either of the payments or any part thereof, or to perform any of the covenants on his part hereby made and intered into, this contract shall, at the option of the parties of the first part, be forfeited and terminated, and the party of the second part shall forfeit all payments made by him on this contract; and such payments shall be retained by the said parties of the first part in full satisfaction and in liquidation of all damages

by them sustained, and the said party of the first part shall have the rhgit to re-enter and take possession of the premises aforesaid without being liable to any action therefor.

"IT IS MUTUALLY AGREED, by and between the parties hereto that the time of payment shall be an essential part of this contract, and that all covenants and agreements herein contained shall extend to and be obligatory upon the heirs, executors, administrators and assigns of the respective parties.

"IN WITNESS WHEREOF, the parties to these presents have hereunto set their hands and seals the day and year first above written.

| | |
|---|---|
| "EDWIN B. LENT | "(Seal) |
| "PHEBE A. LENT | "(Seal) |
| "J. M. BLOW | "(Seal) |

"Signed, sealed and delivered in the presence of:

| | |
|---|---|
| "EFFIE PRICE | "(Seal) |
| "E. A. NASH | "(Seal) |

"State of Florida, Dade County.

"On this day personally appeared before me, an officer duly authorized to take acknowledgement of deeds, etc., Edwin B. Lent and Phebe A. Lent, his wife, and J. M. Blow, to me well known, and known to be the persons who executed the within agreement, and acknowledged that they executed the same for the purposes therein expressed. And the said Phebe A. Lent, wife of the said Edwin B. Lent, upon an examination taken by me, separately and apart from her said husband, acknowledged that she executed the said agreement freely and voluntarily and without any constraint, compulsion, apprehension or fear of or from her said husband.

"Witness my hand and ·seal this 21st day of March, 1917.

"EDWARD A. NASH,

"Notary Public, State of Florida at Large

"My Commission expires July·11, 1920." .

"(N. P. SEAL)

The following order was made by the court:

## "ORDER OF VALIDATION OF BONDS. ·

"This cause came on to be heard before me on the 23rd day of July, A. D. 1917, and it was adjourned from day to day until the date of this decree, and it appearing to the court that a petition has been duly filed in this court by complainants against the defendant for the validation of an issue of one hundred and fifty thousand (150,000.00) dollars of bonds by Miami Special Tax School District No. 2 of Dade County, Florida, and that an order was made requiring the defendant by and through the State Attorney of the Eleventh Judicial Circuit of the State of Florida, being the Circuit wherein Miami Special Tax School District No. 2, is located, to show cause, if any there be, before the court, at the ·court house in the City of Miami, on the 23rd day of July, A. D. 1917, at 10 o'clock in the forenoon why the said issue of bonds should not be validated and confirmed, and it further appearing to the court that the State of Florida, by and through the State Attorney aforesaid, appeared to said petition and answered the same, and ·whereas notice of the time and place of. the hearing aforesaid was given to the taxpayers and citizens of Miami Special Tax School District No. 2 of Dade County, Florida, by publishing same in the Miami Herald, a newspaper published at Miami, in said county, once a

week for three successive weeks prior to the time of the hearing aforesaid, requiring the said taxpayers and citizens to show cause, if any they had, why the said issue of bonds should not be confirmed and validated, and it appearing to the court that S. Bobo Dean, a citizen and taxpayer of the State of Florida, resident within said Special Tax School District, intervened in said cause, and filed his answer therein, and it appearing to the court by the answer of the State Attorney aforesaid that the said bond election carried in favor of the issuance of said bonds by a majority of forty-five votes, but that of the said forty-five votes, thirty-five persons were not legally qualified to vote in said election, and it further appearing from the said answer and the stipulation entered into between the parties hereto that of the said 45 votes there were ten votes cast by persons voting in said election who held contracts for the purchase of land in said county and district which said persons were prior to and on the date of the said election for the issuance of bonds in possession of said land, paying taxes thereon, under contracts from vendors who at the time of contracting had possession of and fee simple title to the land mentioned in the several contracts, and the court being of the opinion that under the facts set forth in the said amended answer and stipulation, the said ten persons were qualified and entitled to vote in said election as free-holders, and it further appearing to the court that the result of said election for the issuance of bonds shows a majority of ten votes in favor of the issuance thereof counting the votes of the 10 contract holders aforesaid and it further appearing to the court by the petition and exhibits attached thereto, and of the other pleadings in said cause, that all matters and things necessary and requisite to be done, have happened and been

performed, and that all of the proceedings leading up to the issue of said bonds have been regular and in due form, and that all requirements of law have been substantially complied with, after argument, and the court being duly advised in the premises.

"IT IS ORDERED, ADJUDGED AND DECREED that said issue of bonds amounting to One Hundred and Fifty Thousand ($150,000.00) Dollars of the Miami Special Tax School District No. 2 of Dade County, Florida, be and they are hereby in all things confirmed and validated.

"Done and ordered in Chambers, at Miami, Florida, July 26th, A. D. 1917.

"H. PIERRE BRANNING,
"Judge Circuit Court."

Section 17, Article XII, adopted in 1912, as an amendment to the State Constitution, is as follows:

"The Legislature may provide for Special Tax School Districts, to issue bonds for the exclusive use of public free schools within any such Special Tax School District, whenever a majority of the qualified electors thereof, who are freeholders, shall vote in favor of the issuance of such bonds.

"Whenever any such Special Tax School District has voted in favor of the issuance of such bonds, a tax not to exceed five mills on the dollar, in any one year, on the taxable property within the district voting for the issue of bonds shall be levied in accordance with law providing for the levying of taxes, to become a fund for the payment of the interest and redemption of such bonds." Acts of 1911, p. 934, Florida Compiled Laws, 1914, p. c.

Pursuant to this organic provision Chapter 6542 Acts of 1913 was enacted, which provides that in an election held in a district to determine whether or not bonds shall be issued "only the duly qualified electors thereof who are freeholders shall vote."

One who has an immediate beneficial ownership interest, legal or equitable, in the title to a fee simple estate in land, may be regarded as a "freeholder" under the statute providing that in an election to determine whether or not bonds shall be issued by a special tax school district, "only the duly qualified electors thereof who are freeholders shall vote." See Starkweather v. Chatfield, 149 Mich. 443, 112 N. W. Rep. 1071; Bakker v. Fellows, 153 Mich. 428, 117 N. W. Rep. 52; Shank v. Lee, 90 Neb. 732, 134 N. W. Rep. 269; Wheldon v. Cornett, 4 Neb. (Unofficial) 421, 94 N. W. Rep. 626; Maitlen v. Barley, 174 Ind. 620, 92 N. E. Rep. 738; State v. Ragland, 75 N. C. 12; Hannah v. Shepherd,     Tex. Civ. App.     , 25 S. W. Rep. 137; Bowen v. Lansing, 129 Mich. 117, 88 N. W. Rep. 384, 57 L. R. A. 643, and notes.

In this case it is stipulated that the electors whose votes are alleged to be illegal and to affect the result were, at the time they voted, in possession of land in the district under a contract of purchase in fee simple, having paid a portion of the purchase price and having paid taxes on the land. This gives to the vendee in possession not a mere option to purchase, but an equitable freehold estate in the land, even though not fully paid for, and satisfies the requirements of the statute as to a voter in such an election being a "freeholder." No question is presented as to the good faith of the contracts to purchase in fee simple or as to the possession of the land given upon the payment of substantial portions of the

purchase price, or as to the payment of taxes by the vendee in possession.

It is stipulated that one of the inspectors and the clerk of the election were not freeholders in the district; but this alone does not invalidate the election, there being no suggestion of a lack of good faith or that the result of the election was thereby in any way affected.

A contention is that $50,000.00 of the issue is "to be devoted to an illegal purpose," in that such sum is to refund that amount "expended in the erection of the Central School Building." This point was not presented below and it does not appear to be fatal to the bonds. The constitution authorizes "bonds for the exclusive use of public free schools within any such Special Tax School District," and the statute provides for such bonds "for the purpose of acquiring, building, enlarging, furnishing or otherwise improving school buildings or school grounds or for any other exclusive use of the public free schools within any such special tax school district." In the proceedings it is stated that a portion of the bond issue is for the purpose of refunding the sum of fifty thousand dollars "advanced to Miami Special Tax School District No. 2, which said amount was expended in the erection of the Central School Building." This purpose is apparently one for the exclusive use of public free schools in the district.

The concluding part of the stated purposes for which the bonds are to be issued is: "and for any other exclusive use of the public free schools within said special tax school district." While this latter stated purpose is indefinite, it is practically in the language of the statute; and such language as used in the proceedings will not be held to invalidate the bonds in this case. There is noth-

ing to indicate a purpose to use the proceeds of the bonds in violation of law.

Decree affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.