ATKINS et ux. v. DAVIS et al. (No. 2774.)*

(Court of Civil Appeals of Texas. Amarillo. Feb. 23, 1927.)

1. Highways ⊕⟶19—Statutes authorizing establishment of highways are strictly construed in favor of landowners.

Statutes relating to the establishment of highways are strictly construed in favor of landowners.

2. Highways ⊕⟶56—Act validating establishment of road district and bonds held not to cure irregularities in establishment of road (Sp. Acts 39th Leg., 1st Called Sess. [1926] c. 379).

Sp. Acts 39th Leg., 1st Called Sess. (1926) c. 379, approving and validating orders of commissioners' court respecting organization of road district, held not to cure irregularities in establishment of roads.

3. Highways ⊕⟶38(1)—Jury of view's failure to notify lessee of mineral rights of proposed road held jurisdictional, depriving commissioners' court of authority to establish road; "owner of realty" (Rev. St. 1925, art. 6709).

Claimant under mineral lease being owner of realty, jury of view's failure to give lessee of mineral rights statutory notice (Rev. St. 1925, art. 6709) of proposed road through land, held jurisdictional, depriving ⸃ commissioners' court of authority to establish road.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Owner.]

4. Highways ⊕⟶64—Jury of view's failure to give lessee of mineral rights notice of proposed road through land was available to any objecting landowner (Rev. St. 1925, art. 6709).

Failure of jury of view to give lessee of mineral rights, who was not party to suit, to enjoin opening road notice under Rev. St. 1925, art. 6709, of proposed road through land, was available to any objecting landowner, since commissioners' court was without jurisdiction to establish road until such notice was given.

5. Highways ⊕⟶38(1)—Jury of view's failure to give landowner's wife notice when they would lay out road will not vitiate commissioners' court proceedings (Rev. St. 1925, art. 6709).

Commissioners' court proceedings to establish road were not void because jury of view failed to give landowner's wife, as joint owner, statutory notice (Rev. St. 1925, art. 6709), when they would proceed to lay out road, since wife is not necessary party to action brought by or against husband invoking community property, and judgment for or against him, in absence of fraud or special circumstances, is conclusive of her rights.

6. Highways ⊕⟶28(2)—Petition to open road, signed by six married women and husbands, was not insufficient because not containing names of eight freeholders, since wife was "freeholder" within statute (Rev. St. 1925, art. 6705).

Petition for road, signed by six married women and their husbands, was not insufficient because not containing names of eight freeholders, as required by Rev. St. 1925, art. 6705, since wife had such interest in community estate as to bring her within definition of freeholder.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Freeholder.]

7. Highways ⊕⟶28(2)—"Precinct," as used in statute referring to requisite number of freeholders in precinct required for road petition, means commissioners' precinct (Rev. St. 1925, art. 6705).

Precinct, as used in Rev. St. 1925, art. 6705, requiring road petition to be signed by eight freeholders in precinct, means commissioners' precinct, and not road district.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Precinct.]

8. Eminent domain ⊕⟶300—Issuance of check for sum awarded for land taken for road was prima facie evidence that money was on deposit for landowner and in contemplation of law in his hand (Rev. St. 1925, art. 6710).

Issuance of checks by county treasurer, pursuant to Rev St. 1925, art. 6710, for sum awarded landowner for land taken in opening public road, was prima facie evidence of fact that money was on deposit to his credit, and in contemplation of law was in his hands.

9. Eminent domain ⊕⟶275(1)—Landowner who has not appealed from warrant cannot enjoin opening of road on ground of inadequacy of damages.

Landowner to whom warrant for ·sum awarded was issued and tendered, and who has not appealed, cannot enjoin opening of road on ground of inadequacy of damages.

10. Eminent domain ⊕⟶163—Landowners' refusal to accept awarded damages obviated tendering of money in court.

Landowners' refusal to accept awarded damages in opening road obviated necessity of bringing money into court and tendering it to them in person.

Appeal from District Court, Kent County; Bruce W. Bryant, Judge.

Injunction by A. A. Atkins and wife against H. W. Davis and others Judgment for defendants, and the plaintiffs appeal. Reversed and remanded, with instructions.

Hawkins, Hawkins & David, of Breckenridge, for appellants.

W. D. Wilson, of Spur, and J. L. Sullivan, of Jayton, for appellees.

HALL, C. J. This proceeding was instituted to enjoin the opening of a public road in what is known as road district No. 1, Kent county. A. A. Atkins and wife, by first amended petition, made H. W. Davis, the county judge of said county, H. H. Bilberry, W. H. Smith, A. C Cargile, and C. H. Cade, as county commissioners of said county, defendants; also joining as codefendant said road district No. 1.

---

⊕⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction April 6, 1927.

The plaintiffs alleged that they were the owners of approximately 17 sections of land situated in said county, about six miles west of the town of Clairemont; that on the 10th day of May, 1926, eighteen persons filed with the commissioners' court their petition praying for the opening of a public road through a part of the lands belonging to plaintiffs; that thereafter, on May 11th, a jury of view was appointed by the commissioners' court to lay out, survey, and describe the road, and that on July 1, 1926, said jury of view surveyed the road, and reported to the court on July 13, 1926, which said report was accepted and approved by the commissioners' court; that, if said road is opened and established in accordance with the orders of the commissioners' court, it will take at least 21.84 acres of plaintiffs' land, of the reasonable market value of $20 per acre. The plaintiffs further allege that their said lands are inclosed in a pasture fence, and used for grazing purposes; that the opening of the road will require the building of additional fences, and separate the stock water from a considerable portion of the pasture lands, thereby interfering with the use to which said lands are now adapted.

It appears that the petition for the road which was presented to the commissioners' court was signed by six married men and their wives, and it is urged that, because the married women who signed the petition are not "freeholders" within the meaning of the statute, the court acquired no jurisdiction. It is further alleged that, because Mrs. Atkins was a joint owner of the land, and was never served with any notice of the time when the jury of view would proceed to lay out the road, the proceeding is void as to her.

The principal contention is that the Texas Company, a corporation, which is not a party to this suit, had an oil and gas lease to the mineral estate of two of the sections through which the proposed road will run, and had at the time the petition was filed, and, because no notice was served upon said company by the jury of view, the commissioners' court is without jurisdiction to open the road, and that its action in doing so will deprive the Texas Company of its property without due process of law, in violation of the Constitution of the United States and of the Constitution of Texas.

The application attacks the proceedings pertaining to the opening of the road, including the orders of the commissioners' court, and prays for the issuance of a temporary injunction, restraining the defendants from doing the things necessary to the establishment and opening of said road, and further prays that upon a final hearing plaintiffs have judgment perpetually enjoining the defendants from establishing the road, or any part of it, through the plaintiffs' lands.

Answers were filed by the road district, by the county judge, and each of the commissioners. A temporary restraining order was issued, and on the 29th day of November, 1926, the trial judge, after hearing the pleadings and evidence in chambers, entered his order dissolving the temporary injunction.

The case is before us without formal briefs by either party, but by argument and informal briefs numerous questions are presented.

[1, 2] The road district specially pleaded in defense the fact that the Legislature, which convened in special session on the 13th of September, 1926, in obedience to the proclamation of the Governor, for the purpose of enacting such law or laws as were necessary to validate the existence of outstanding bonds or road districts, had at such session passed a bill (Sp. Acts, 39th Leg., 1st Called Sess. [1926], c. 379), entitled:

"An act to create road district number 1, in Kent county, Texas, validating and approving all orders made by the commissioners' court of said county, in respect to the organization of said district; validating the authorization, issuance and sale of certain road bonds thereof, and providing for their payment by the annual levy, assessment and collection of general ad valorem taxes on all taxable property in said road district; approving and validating all orders of the commissioners' court of said county in respect of said road district, bonds and taxes, or certified copies thereof, and constituting such orders legal evidence; evidencing proof of publication of constitutional notice required in such acts; and declaring an emergency."

Reference to the body of the act shows that it is very comprehensive in its provisions, and cures by specific reference all of the proceedings had incident to the establishment of the road district, and declares valid the bonds which had been issued by the district.

This is the effect of the holding in Tom Green County v. Dan Moody (Tex. Sup.) 289 S. W. 381. If the effect of that act is not to validate road district bonds, this court cannot determine their validity, unless the holders of the bonds are parties to the action. Texas Electric & Ice Co. v. City of Vernon (Tex. Civ. App.) 265 S. W. 176. The act, however, does not cure irregularities and defects, if any, in the matter of establishing the road as we had first supposed in reading it. The original opinion, therefore, is withdrawn. Statutes relating to the establishment of highways are to be strictly construed in favor of a landowner. Vogt v. Bexar County, 5 Tex. Civ. App. 272, 23 S. W. 1044.

[3, 4] The first complaint to be considered is that the jury of view failed to notify the Texas Company and Mrs. A. A. Atkins, as required by Revised Statutes 1925, art. 6709. The petition shows that the Texas Company is the lessee of the mineral rights in two

of the sections of land through which the proposed road is to be established. It seems to be settled law that the claimant under a mineral lease is an owner, or owns an interest in the realty, and, since the article of the statutes provides that such notice shall be served upon each landowner, his agent or attorney, through whose land the road may run, at least 5 days before the date named for laying out the road, we conclude that it was necessary for the Texas Company to be notified. It has been held that the failure to give the 20 days' notice of the filing of the petition, as required by article 6705, is jurisdictional, and deprives the commissioners' court of the right to establish the road. Owens v. Briscoe County (Tex. Civ. App.) 268 S. W. 963; Haverbekken v. Hale, 109 Tex. 106, 204 S. W. 1162. It is also held that the failure of the jury of view to give any landowner the notice required by article 6709 is also jurisdictional, and deprives the commissioners' court of authority to establish the road. McIntire v. Lucker, 77 Tex. 259, 13 S. W. 1027; Vogt v. Bexar County, supra: Evans v. Land Co., 81 Tex. 622, 17 S. W. 232; M., K. & T. Ry. Co. v. Austin (Tex. Civ. App.) 40 S. W. 35. It is insisted by the appellee that, because the Texas Company is not a party to this action, and is not complaining, the appellants, Atkins and wife, cannot attack the validity of the proceedings because of the failure to notify the Texas Company.

It is said in 29 C. J. 409:

"In some jurisdictions the required notice is jurisdictional in its nature, and failure to give it renders the proceeding void. In others the absence of notice does not render the proceedings void for all purposes and only the land owners who have failed to receive notice are entitled to attack the proceedings upon that ground."

1 Elliott on Roads and Streets (4th Ed.) § 358, says:

"Where notice is required, it is essential to confer jurisdiction, for without some notice there is no jurisdiction, and proceedings are absolutely void. It is not, however, to be understood that where there is jurisdiction of the subject matter, and there are many persons interested as owners of different parcels of land, failure to give notice to some of the property owners will vitiate the entire proceeding. In such cases the better opinion is that the proceeding is void only as to those who have not been notified, but valid as to those who have had notice. A different rule would only work injustice to the public, as well as to the citizen, for it might happen that a highway would affect many persons and all of them except one be duly notified, and it would, under a rule different from that, stated, be in his power to overturn the whole proceeding. If the only person not notified is allowed to attack the proceedings, in so far as they affect him personally, that is all that justice requires, for it enables the only person injured to obtain redress."

In the next section, however, the author admits that there are exceptions to the rule as he declares it.

In 2 Lewis, Eminent Domain (3d Ed.) § 570 (369), the author declares that the notice required by the statute is jurisdictional, and must be given; that the condition must be strictly complied with, or no valid appropriation can be effected; and that the failure to give such notice may be taken advantage of at any stage of the proceedings, since they are absolutely void, and may be even called in question collaterally. This is the authority cited by Judge Phillips to sustain his holding in the Haverbekken Case, supra. We therefore conclude that the failure of the jury of view to give the Texas Company the notice required by the statute is available to Atkins, since, until such notice has been given, the commissioners' court is without jurisdiction to proceed to the establishment of the road.

[5] The next contention to be considered is that the proceedings of the commissioners' court are void, because Mrs. Atkins was not served with the notice provided for by article 6709. This article provides that the "notice shall be served upon each land owner, his agent or attorney, through whose land said road may run," etc. It cannot be denied that in a certain sense the wife is an owner of community property. Her interest is equitable; but, whatever may be the rule in other states where the law of community property exists, it is settled in Texas that the wife is not a necessary party to an action brought by or against the husband involving the community property, and that a judgment for or against him, in the absence of fraud or other special circumstances such as homestead, is conclusive of her rights. Speer on the Law of Marital Rights, §§ 441, 442, 507, and the authorities therein cited.

[6] The appellant insists that, if this rule is applied with reference to the necessity of notice upon Mrs. Atkins, then for the same reason the petition which was signed by several married women together with their husbands is insufficient, because it does not contain the names of the requisite number of freeholders, if the wives are eliminated as such. The requirements with reference to the petition stated by article 6705 are that it shall be signed by at least "eight freeholders in the precinct in which such road is desired to be made," etc. A freeholder is one who holds land in fee or for life, or for some indeterminate period. 14 Am. & Eng. Ency. of Law, p. 530. A freeholder is elsewhere defined as a term used to designate the owner of an estate in fee in land as meaning one who holds freely; a person actually seized of an estate or freehold, legal or equitable; one who holds an estate in fee simple, fee tail, or for a term of life; one having title

to real estate which may be inherited as real property. 27 C. J. p. 896. "One who has an immediate beneficial ownership [or] interest, legal or equitable, in the title to a fee-simple estate in land, may be regarded as a 'freeholder.'" Dean v. State, 74 Fla. 277, 77 So. 107.

In Re Village of Holcomb, 97 Misc. Rep. 241, 162 N. Y. S. 848, it is said:

"It does not appear inconsistent to me that, while a husband and wife are in law one person as to the complete fee, they also are each freeholders, each being seized with a life interest in the land; each entitled to hold, enjoy, and possess as though they were tenants in common. * * * When they own lands as tenants of the entirety, they are each freeholders, and should be counted as such in this proceeding."

In Texas a man and wife are frequently spoken of with reference to their community rights in property as partners, and, while the relationship is not characterized by all the rights and liabilities which pertain to the law of partnership, we think the wife 'has such an interest in the community estate as brings her within the definition of a freeholder with reference to it. While the husband may contract with reference to the community property, without the wife's knowledge or consent, and when not in fraud of her rights, his utter lack of power to divest her of her interest by will, and the further fact that her interest is such that it descends to her heirs upon her death, is a recognition by the law of Texas of such title in her as brings her estate within the well-recognized definitions of a freehold estate.

[7] We conclude, therefore, that the petition presented to the commissioners' court is not subject to the criticism urged by the appellant. The term "precinct," as used in article 6705, could not, under any fair construction of the statute, be held to mean other than the commissioners' precinct. If the Legislature had intended that by "precinct" the road district was meant, the statute would have been amended accordingly.

[8, 9] The only remaining contention necessary to be considered is that the appellants have not been paid the compensation which article 6710 requires. As a condition precedent to the taking, the statute provides with reference to the damages assessed by the jury of view:

"When same are paid or secured by special deposit with the county treasurer to the credit of such owner and after notice of such payment or deposit to the owner, and if no objection is made to the jury's report, said court may proceed to have such road opened."

The order of the commissioners' court shows that appellants were awarded $2,500 as "compensation for the land taken"; that two checks were sent to Atkins, aggregating $2,500, drawn by the county treasurer of Kent county on a bank at Abilene, where Atkins and his wife resided. The issuance of these checks by the county treasurer is prima facie evidence of the fact that the money was on deposit in the bank to his credit, and was in contemplation of law therefore in his hands. The appellee also pleaded a tender, and the record shows that appellants would not have accepted the money if it had been tendered to them in kind in open court. The general rule is that, where a warrant is issued and tendered, and no appeal taken, the landowner cannot enjoin the opening of the road on the ground of inadequacy of damages. Scaling v. Denny, 58 Tex. Civ. App. 279, 125 S. W. 351. It is further held that, where the tender of the damages is made in open court on the hearing of an injunction proceeding, there has been a substantial compliance with the statute requiring the payment of damages.

[10] In the case of Powell v. Carson County, 62 Tex. Civ. App. 197, 131 S. W. 235, it appears that the county clerk offered to draw a warrant in favor of the landowner for the sum allowed, and that the warrant would have been paid if drawn, and it further appears that the offer was refused, and the court held that there was a substantial compliance with the statute as to the payment of damages before the opening of the road. The refusal of appellants to accept the damages awarded them it seems would obviate the necessity of bringing the money into court and tendering it to them in person. The law does not require the doing of a vain thing.

For the reasons hereinbefore stated, we think the trial court erred in refusing to grant the injunction. The judgment is therefore reversed, and the cause is remanded, with instructions to enjoin the opening of the road.