## Appeal of Township of Somerset et al.

C. L. *Shaver*, for appellants.
*Budd B. Boose*, contra.

BOOSE, P. J., July 28, 1941.—This is a joint appeal by the Township of Somerset and the School District of said township, from an ordinance of the Borough of Somerset, entitled, "An ordinance annexing to the Borough of Somerset a section of Somerset Township, Pa., adjacent to and east of said borough, as herein described," adopted by the borough council of said borough on April 7, 1941, and approved by the burgess thereof on April 14, 1941. . . .

1. The first reason assigned in support of the appeal is that the ordinance is illegal, for the following reasons: (1) That the petition for annexation was not in conformity with the provisions of The General Borough Act of May 4, 1927, P. L. 519, in the following particulars: (*a*) It was signed by persons who are not resident freeholders; (*b*) by husbands and wives owning estates by entireties who should be counted as a single freeholder; (*c*) that there was not on the date of adoption of said ordinance a majority of freeholders resid-

ing within the territory annexed; and (*d*) the borough council did not have jurisdiction to enact said ordinance. At the hearing of the appeal, counsel for appellants withdrew the grounds (*a*) and (*c*), admitting that said act does not require that the signers of the petition for annexation shall be resident freeholders, but that they shall constitute "a majority of the freeholders of such territory." In Annexation of a Portion of Abington Township to Borough of Jenkintown, 101 Pa. Superior Ct. 227, it was held that The General Borough Act relating to annexation does not require freeholders to be resident. A petition signed by a majority of the freeholders of the territory proposed to be annexed is a jurisdictional prerequisite to adoption of the ordinance in question, and whether or not it was so signed is a matter of proof: Fister v. Kutztown Borough, 49 Pa. Superior Ct. 483; Commissioners of Union Twp. et al. v. Burgess and Council of Dormont, 61 Pitts. L. J. 594. On appeal from an ordinance annexing territory, the petition, ordinance, and certification of proceedings and other annexation papers establish a prima facie showing of compliance with the statute; and the burden of proving noncompliance therewith is upon appellants: In re Mountainville Election District's Annexation, 304 Pa. 559. In support of the contention that the petition for annexation was not signed by a majority of the freeholders of the territory proposed to be annexed, appellants allege (*b*) that it was signed by both husband and wife in a number of instances when they own an estate by entireties and they should be counted as one or a single freeholder. This contention cannot be sustained. The husband or owner of real estate has no estate in land owned by his wife during coverture and is not a freeholder; but where husband and wife are tenants of an estate by entireties each is a freeholder, and if they both sign the petition for annexation they must be regarded as two freeholders: In re Impeachment of Sweeney (No. 1),

65 Pitts. L. J. 496; in re Village of Holcomb, 97 Misc. 241, 162 N. Y. Supp. 848; Maitlen et al. v. Barley et al., 174 Ind. 620, 92 N. E. 738; Hinkley v. Bishopp, 152 Mich. 256, 114 N. W. 676. Counsel for appellants frankly concedes that if husband and wife, where their estate is held by entireties, are each to be regarded as a freeholder, then the petition for annexation contains more than the requisite number of signers to constitute the majority of the freeholders in the territory proposed to be annexed; and that it did confer jurisdiction (*d*) upon the borough council and the burgess to adopt and approve the annexation ordinance. This disposes of the attack upon the legality of the ordinance in question. . . . .