PER CURIAM.
Pursuant to Chapter 236, Florida Statutes, F.S.A., Laws of Florida, the Board of Public Instruction of Lake County resolved to issue bonds in the sum of $5,-600,000 for the improvement of public schools. For the purpose of securing a current roll of qualified elector freeholders as authorized by Chapter 97, Florida Stat *685 utes, F.S.A., the Board of County Commissioners at request of the Board of Public Instruction adopted a resolution providing for a special re-registration of freeholder electors. Notices of said bond election and re-registration were ordered published at the time and in the manner provided by law. Answer was filed by the state attorney in behalf of the state, petition to intervene on the part of certain taxpayers was permitted, evidence was taken, arguments on the issues made were heard and at final hearing, after motion to dismiss on the part of the intervenors, the chancellor entered his final decree granting the motion to dismiss, denying the motion to validate the bonds on the ground that the procedural requirements of Chapter 236, Florida Statutes, F.S.A., and other prerequisites had not been performed as required by law. This appeal is from the final decree so entered.
The first question presented is whether or not the record made by petitioner in the court below evidences lawful compliance with the procedural requirements of Chapter 236, Florida Statutes, F.S.A.
The pertinent statute for initiating such bond issues is § 236.36, as follows:
“Whenever the residents of a school district of any county in this state shall desire the issuance of bonds by such school district for the purpose of acquiring, building, enlarging, furnishing, or otherwise improving buildings or school grounds, or for any other exclusive use of the public schools within such school district, they shall present to the county board, a petition signed by not less than twenty-five per cent of the duly qualified electors residing within the school district, setting forth in general terms the amount of the bonds desired to be issued, «the purpose thereof, and that the proceeds derived from the sale of such bonds shall be used for the purposes set forth in the petition, in counties of twenty-five thousand population or more, according to the latest federal census, the said petition may be dispensed with and the proposition of issuing bonds for the purposes as herein outlined may be initiated by the county board of the said county or by the trustees of said school district or by both bodies; and, provided further, that nothing contained in this section shall repeal any of the provisions of §§ 100.201-100.351.”
In fine, a bond issue as provided in the foregoing statute may be initiated (1) by petition signed by not less than 25 per cent of the duly qualified electors residing within the school district setting forth in general terms the amount of the bonds to be issued, the purpose thereof and that the proceeds of said bonds shall be used for the purposes set forth in the petition; (2) in counties of twenty-five thousand population or more, according to the latest federal census, said petition may be dispensed with and the proposition of issuing the bonds for the purposes set forth may be initiated by the Board of Public Instruction of said county, and (3) by the trustees of said school district or by both said bodies, provided further that nothing contained in this section shall repeal any of the provisions of §§ 100.201-100.351, as amended by Laws of 1955, Chapter 29615, Chapter 29764, Acts of 1955.
Section 236.38, Florida Statutes, provides for publication of the petition to initiate the bond issue and is as follows:
“It shall be the duty of the county board, when the resolution proposing a bond issue has been approved by the state superintendent or when such a proposal has been rejected by the state superintendent and a new petition signed by thirty-five per cent of the qualified electors of the district has been presented, and when the resolution authorizing an election has been adopted as set forth above, to cause such resolution to be published once each week for four successive weeks in some *686 newspaper published in the county. This resolution may also include a notice of election as prescribed in § 236.39.”
Section 236.37, Florida Statutes, F.S. A., defines the procedure to be taken by the county board of public instruction with reference to proposals for issuing bonds. When the county board has received such a proposal, on consideration of recommendations by the county superintendent, it shall then determine whether or not the projects for which the bonds were proposed are essential for the school program of the county. If in the opinion of the board any of the projects are not necessary or desirable, the county superintendent shall notify the trustees of the district in writing within ten days of the adverse action by the county board, giving reasons therefor; provided, that if the trustees of the district decide that the reasons given by the county board for rejecting the proposal, or any part of it, are not good and sufficient reasons, said trustees may then file with the county board in writing a request, giving their reasons for reconsideration of the proposal, whereupon, the county board shall at its next ensuing meeting proceed as set out in subsection (2) below. Subsection (2) is qualified by subsection (3), which has to do with submitting the question to the state superintendent and will be discussed later.
In response to the foregoing, the Board of Public Instruction of Lake County [the population of which exceeds 25,000] adopted (1) resolution proposing a bond issue for Special Tax School District Number One of Lake County, said District Number One being co-equal with the county; (2) resolution requesting the Board of County Commissioners of Lake County. Florida, to call and provide for the re-registration of the qualified electors who are freeholders residing in Lake County, Florida; (3) resolution ordering and providing for holding of an election in Special Tax School District Number One of Lake County Florida, on the question of issuing $5,600,000 bonds of said district; (4) notice of bond election in Special Tax School District Number One of Lake County, Florida, to be held on May 26, 1959.
As heretofore pointed out, the first question has to do with whether or not the procedure followed in issuing the bonds in question met the requirements of Chapter 236, Florida Statutes, F.S.A.
The chancellor pointed out that the law, § 236.36, Florida Statutes, F.S.A. provided three methods for initiating such bond issues: (1) By petition of a certain number of the freeholders of the district; (2) by the trustees of the district; (3) by the county board of public instruction. The chancellor further held that not one of these prescribed methods for initiating special tax school district bond issues was followed in this case, but charges initiation by the State Department of Education. We do not agree. The record here clearly establishes that the procedure followed was in compliance with the statute.
Appellee suggests in its brief that the appendix to appellant’s brief failed to contain any portion of the testimony of L. J. Jenkins, County Superintendent, (2) that copy of the transcribed notes of the court reporter of certain testimony is not contained in the record served on appellees, consequently appellees have not had advantage of the record, (3) other testimony it is contended was not contained in the appendix to the record.
In response to all this, it is sufficient to say that bond validation proceedings are statutory and summary and require a certified transcript of the proceedings to be filed with appellant’s brief and a copy served on opposing counsel. The purpose of such requirement is to effect the summary method for disposing of such appeals. The statute gives them priority on the docket and thjs court is given a record on which to predicate its *687 judgment. No appendix to the brief or record is contemplated in these cases. State of Florida v. Town of Sweetwater, Fla.1959, 112 So.2d 852.
The chancellor also found that the bonds in question were not approved by the State Board of Education. It is shown by testimony of Superintendent Jenkins that the proposed bond issue was submitted to the financial and legal advisor of the State Department of Education and that they, the financial advisor and the legal ad-visor, gave approval in the name of the State Board of Education.
It is not amiss to point out in this connection that we find nothing in Chapter 236, or any other law of Florida, requiring the State Board of Education to approve these bonds. Proceedings for their issue are initiated by resolutions of the Board of Public Instruction. Section 236.37(3) requires that said resolution be submitted to and approved by the State Superintendent of Public Instruction. It clearly appears from the record that the initial resolution proposing the bonds was approved by the State Superintendent March 10, 1959.
The resolution of the Board of Public Instruction requesting re-registration of the freeholder electors provides:
“Section 1. That pursuant to Section 97.081, Florida Statutes, the Board of Public Instruction of Lake County, Florida, does hereby request the Board of County Commissioners of Lake County, Florida, to call and provide for a re-registration of the qualified electors who are freeholders residing in Lake County, Florida, for the purpose of securing a new and up-to-date list of qualified electors who are freeholders residing in said County and in Special Tax School District No. 1 of said County to participate in a bond election to be held on the 26th day of May, 1959 on the question of the issuance of $5,600,000 School Bonds for the purposes provided in a resolution adopted by the Board on the 10th day of February, 1959, which said resolution was approved by the Superintendent of Education of the State of Florida on March 10, 1959, or for the purpose of approving any act with reference thereto.”
The resolution of the Board of Public Instruction calling the election for issue of the bonds which as provided by § 236.37 (3), Florida Statutes, F.S.A., must be adopted after approval of the initial resolution by the State Superintendent, provides:
“ * * * as provided in a resolution heretofore adopted by this Board on the 10th day of February, A.D.1959, which said resolution was approved pursuant to law by the State Superintendent of Public Instruction on March 10, 1959.”
No evidence whatever was offered at final hearing, or at any time, to contradict the evidence of petitioner stated above that the initial resolution proposing the bond issue was duly approved by the State Superintendent of Public Instruction as provided by Chapter 236.
The chancellor held that publication of the resolution by the Board of Public Instruction initiating the proceedings for the election by fixing the amount of the proposed bond issue and calling the election was not done as required by law.
Section 236.38, heretofore quoted, provides the details for publishing this resolution. Pursuant to § 236.37, Florida Statutes, F.S.A., the Board of Public Instruction of Lake County, on April 7, 1959, held a special meeting at which it adopted a resolution providing for an election in Lake County for approving or rejecting the said bond issue. Said resolution was Exhibit “D” to the complaint. Superintendent Jenkins testified without objection that said resolution and notice of election were duly published. Glen Boles, publisher of the Tavares Lake County Citizen, a weekly newspaper published in Lake County, testi *688 fied by affidavit that he published said notices in his paper April 17, April 24, May 1 and May 8, 1959, a copy of said publication being made part of the record.
A reading of §§ 236.37, 236.38 and 236.39, makes it clear that Chapter 236 requires publication of the bond election resolution rather than the original resolution as the court below no doubt thought. The statute does not require the original resolution proposing the bond issue to be published. The concluding sentence of § 236.37 directs the Board of Public Instruction to adopt the bond resolution after all other preliminaries are completed. It will also be noted that § 236.38 provides: “When the resolution authorizing an election has been adopted as set forth above, to cause such resolution to be published once each week for four successive weeks,” then concludes, “This resolution may also include a notice of election as prescribed in § 236.39.”
See also reference to said bond resolution in § 236.39, as follows: “The resolution, prescribed in § 236.37, may be incorporated in and published as a part of the notice prescribed in this section.” The relation or interrelation of the bond election resolution and the notice of bond election necessitates this conclusion. The initial resolution and the notice of bond election bear no such relation. It is perfectly logical for publication purposes to include both notices in one, any other conclusion would be illogical.
The chancellor also held that the publication of bond election was not done according to law but § 236.39 discussed in the previous question provides the time, manner and place of publication. In our view the affidavit of Glen Boles and the newspapers attached thereto, all made part of the certified transcript of record, are a complete answer to this question.
As to canvass of the election returns, the chancellor held that they should have been canvassed by the Board of County Commissioners. It is true that § 100.40, Florida Statutes, F.S.A., requires election returns to be canvassed by the County Commissioners, but the election in question was held under § 236.40, Florida Statutes, which provides that the Board of Public Instruction shall canvass the election returns. The said returns were so canvassed and the result showed that a majority of the qualified electors who were freeholders residing in the district at the time of the election and entitled to vote did participate in the election and favored approval of the bonds.
The second question challenges that part of the validation decree holding § 100.241, Florida Statutes, F.S.A., unconstitutional.
We think the following cases answer this question contrary to the holding of the chancellor. Dean v. State, 74 Fla. 277, 77 So. 107; Holmer v. State ex rel. Stewart, 1947, 158 Fla. 397, 28 So.2d 586; State v. Board of Public Instruction of Escambia County, Fla.1959, 113 So.2d 368.
It is finally contended that Brown v. Board of Education, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873, invalidated all constitutional and statutory authority for the issuance of school bonds in Florida.
We think the following cases conclude this question contrary to the holding of the chancellor. Board of Public Instruction of Manatee County v. State, Fla.1954, 75 So.2d 832; State of Florida v. Special Tax School District No. 1, Dade County, Fla. 1956, 86 So.2d 419.
The judgment appealed from is accordingly reversed with directions to validate the bonds.
THOMAS, C. J., and TERRELL, HOB-SON, ROBERTS, DREW, THORNAL and O’CONNELL, JJ., concur.