## Mountville Borough.

*Boroughs—Incorporation—Freeholders—Estates in remainder—Act of April* 1, 1834, P. L. 163.

A person who owns a vested remainder in real estate located within the limits of a proposed borough, subject to a life estate, owned and enjoyed by some other person, is not a freeholder within the meaning of the second section of the Act of April 1, 1834, P. L. 163.

There is nothing in the Act of April 1, 1834, P. L. 163, which requires the application to set forth the number of freeholders residing within the proposed territory, nor is there any provision that it is to be verified by affidavit.

Argued Nov. 14, 1905. Appeal, No. 87, Oct. T., 1905, by John Pennypacker et al., from order of Q. S. Lancaster Co., April T., 1904, No. 506, incorporating a borough In re Incorporation of Mountville Borough. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Petition for the incorporation of a borough. Before HASS-LER, J.

The opinion of the Superior Court states the case.

*Errors assigned* were in the following form:

1. The court erred in refusing to exclude the names of William Schuster, Frank Smith, H. B. Immel, John E. Dirk, T. S. Shookers and C. H. Rohrer from the number of signers of the petition for incorporation—the persons named having withdrawn their names before the jurisdiction of court attached.

2. The court erred in holding that Henry Schlott, Mrs. Israel Garber, Grant Witmer, Jacob Witmer, Laura Witmer, John G. Mann, Charles Schoff, Mrs. Christian Lehman, Mrs. Adam Fisher and Jacob Newcomer, tenants of vested remainders, in lands in the proposed borough, are not freeholders, and, therefore, not to be counted in ascertaining the total number of freeholders in the limits of said proposed borough.

3. The court erred in not sustaining the fourth exception, filed on behalf of John Pennypacker et al., which exception is as follows: " The said petition is defective in that it does not

18, (1906).]    ·    Assignment of Errors.

show how many freeholders reside within the limits of the pro-
posed borough, and there is no affidavit or other evidence at-
tached to or accompanying said petition to prove that the per-
sons whose names are appended constitute a majority of such
freeholders, nor is there any affidavit of the truth of any other
matter alleged in said petition."

4. The court erred in entering the following decree: "And
now, March 18, 1905, this cause having come on for argument
at the December Term, and having been fully argued by coun-
sel for the petition and by counsel for exceptants, and having
been fully considered by the court and all exceptions having
been overruled and dismissed January 14, 1905, it is ordered
and directed and decreed that the prayer of the petitioners for
incorporation be granted, subject to certain changes and modi-
fications in the boundaries proposed, and that the borough of
Mountville, in the county of Lancaster, be and hereby is in-
corporated and decreed and declared to be duly incorporated
a borough, under the laws of Pennsylvania, the boundaries of
the said borough being defined and described as follows:

*    *    *    *    *    *    *

That the corporate style and title thereof shall be " The Bor-
ough of Mountville " and all the inhabitants and residents of
the foregoing territory, heretofore comprised within the town-
ship of West Hempfield, in the county of Lancaster, are now
decreed and declared to be inhabitants and residents of the
borough of .Mountville, and said borough is decreed and de-
clared to be a separate election and school district.

That the annual borough election shall be held at the public
house of Thomas Rees, in said borough, on the third Tuesday
of February in each year, in accordance with and subject to all
the provisions of the laws regulating such elections.

The court further decree and fix the first election in said
borough, for election of the officers provided for by law, at said
public house of Thomas Rees, in said borough, on April 29,
1905, between the hours of 7 A. M. and 7 P. M., and desig-
nate Benjamin F. Hendricks as the person to give due notice
of said election and the manner thereof.

And the court further decree that Israel M. Garber be the
judge and Henry McKonley and Howard Shoff the inspectors

of said election, and appoint Samuel I. Lingle and Clarence H. Gable borough auditors.

And it is further decreed that the accompanying draft of the said boundaries and territory of the said borough be recorded as part of this decree.

*D. McMullen*, for appellant.—And where there is any doubt as to this fundamental question whether a majority of the freeholders residing within the proposed limits have signed the petition, the jurisdiction may not be exercised: Taylorport Borough, 21 W. N. C. 533.

The question of the right of signers of a petition for incorporation of a borough to withdraw their names, has been before the court a number of times, and it has been decided that where the court has acquired jurisdiction, petitioners will not be allowed to withdraw their names, and thus oust the jurisdiction of the court: Flemington Borough Incorporation, 168 Pa. 628; Tullytown Borough, 1 Pa. Dist. Rep. 292; Old Forge Borough, 12 Pa. Superior Ct. 359; Quakertown Borough, 3 Grant, 203.

No reported case has held that the signer of a petition does not have the right to withdraw his name before the court has acquired jurisdiction.

In the present case, the request to withdraw the names was made of those circulating the petition and again to the court before the petition for incorporation was presented, and was filed cotemporaneously with the petition for incorporation. It was, therefore, a withdrawal before the jurisdiction had attached.

The acts of assembly requiring the signatures of a majority of the resident freeholders are silent as to what shall constitute a freeholder, and we take it that they contemplate such persons as come within the common-law definition of freeholder.

It must appear of record that the petition was signed by a majority of freeholders: Osborne Borough, 101 Pa. 284; McFate's App., 105 Pa. 323.

*M. E. Musser* and *W. U. Hensel*, for appellees.—When a prescribed number of signers are necessary to give the court jurisdiction of a petition, some of them will not be permitted

to oust jurisdiction by withdrawing their names when it is presented : Flemington Borough Incorporation, 168 Pa. 628 ; Old Forge Borough Incorporation, 12 Pa. Superior Ct. 359 ; Quakertown Borough, 3 Grant, 203 ; Tullytown Borough, 1 Pa. Dist. Rep. 292.

Seizin is the distinctive feature of a "freeholder," and remainders are not freehold estates : Clippinger v. Creps, 2 Watts, 45 ; Mitchell on Real Estate and Conveyancing in Pennsylvania, 224.

The petition was duly verified in all legal requirements.

Opinion by Beaver, J., March 12, 1906 :

Who is a freeholder within the meaning of the second section of the Act of April 1, 1834, P. L. 163, which relates to the incorporation of boroughs ? If the answer to this question made by the court below is correct, it practically disposes of the case.

A distinction is made between an estate of freehold in deed and such an estate in law : " Freehold in deed is the real possession of land or tenements in fee, fee-tail or for life. Freehold in law is the right to such tenements before entry : " 1 Bouv. L. Dict., Rawle's edition, 693.

It was absolutely necessary, in order that the court could acquire jurisdiction in accordance with the provisions of law, that the application for the incorporation of the borough should be in writing and signed by a majority of the freeholders residing within the limits of the proposed borough.

The application contained the names of sixty-nine persons who were alleged to be freeholders. Six of these signers recanted and asked to have their names withdrawn from the application before it was laid before the court. Assuming, for the sake of the argument, that they had a right to do so and deducting them from the total number of signers, there remaimed sixty-three freeholders of the proposed borough asking for its incorporation. The largest number of freeholders alleged to reside within the proposed borough limits was 135. Eleven of these, as found by the court, had vested remainders in real estate located within the limits of the proposed borough, subject to a life estate, owned and enjoyed by some other person. Deducting the latter from the total number of alleged freeholders

left 124, of which sixty-three are a clear majority. If, on the other hand, the remainder-men were freeholders within the contemplation of the act of 1834, supra, they would not constitute a majority, and it would require the addition of the names of those who desired to withdraw from the application to make a majority of the whole number.

In Clippinger v. Creps, 2 Watts, 45, in which one of the questions involved was, whether or not the owner of a freehold estate, encumbered beyond its value, was entitled to stay of execution under the provisions of the 14th section of the act of March 20, 1810, without entering bail, Mr. Justice ROGERS says: "At common law he who has the actual possession of land for life, or a greater estate, is a freeholder." It is evidently in this sense that the term is used in the act under consideration. He who holds, and not he who will hold, the estate is the freeholder. This must be so; otherwise if the present holder of the estate were opposed to the incorporation of a borough, and the remainder-man who is to hold it in the future were in favor of it, the latter might impose upon the former his proportion of the costs of incorporation and the increased taxes and other expenses growing out of the same, not only without his consent but in spite of his opposition. Surely the legislature did not intend such a result. It is scarcely necessary to discuss this proposition, however, as it appears to be abundantly supported by the authorities cited by the court below in its opinion dismissing the exceptions to the petition for incorporation. Deducting from the whole number of petitioners, therefore, the eleven names of the persons who have an estate in expectancy but not in actual possession, we have remaining 124 actual freeholders. Of this number the sixty-three petitioners who "stand pat" constitute a clear majority. The court, therefore, had jurisdiction. This preliminary question being determined, little remains to be said, and we need not consider whether the six petitioners who desired to withdraw their names from the application had a legal right to do so or not.

The requirements of the petition for incorporation are purely statutory. The petition follows the requirements of the act in stating that the petitioners "are a majority of the freeholders residing within the limits of the" territory to be incorporated.

There is nothing in the act which requires the application to set forth the number of freeholders residing within the proposed territory, nor is there any provision that it is to be verified by affidavit. The requirements of the act having been fully complied with, we see no merit in the third assignment of error.

The fourth assignment is merely a general one relating to the decree, which we think was entirely justified under the provisions of the act of 1834, supra, and in the exercise of the sound discretion of the court.

The decree of the court below is, therefore, affirmed and the appeal dismissed at the costs of the appellants.