# Singer Sewing Machine Company, Appellant, *v.* Follett.

*Landlord and tenant—Distress—Appraisers—Reputable freeholders—Act of March* 21, 1772, Sec. 1, 1 Sm. L. 370.

A person who is a resident of the borough and county in which goods are distrained, and owns real estate in fee in an adjoining county of a neighboring state, is a freeholder, not only at common law, but also within the meaning of the Act of March 21, 1772, Sec. 1, P. L. 370.

Argued Nov. 20, 1908. Appeal, No. 202, Oct. T., 1908, by plaintiff, from judgment of C. P. Bradford Co., May T., 1906, No. 470, on verdict for defendant in case of Singer Sewing Machine Company v. Grant R. Follett. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and HEAD, JJ. Affirmed.

Appeal from judgment of justice of the peace. Before FANNING, P. J.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in refusing binding instructions for plaintiff.

*L. T. Hoyt,* of *Hoyt & Schrier,* for appellant.—We contend that the proceedings were defective in that the property distrained was not appraised by two reputable freeholders within the meaning of the act of assembly: Hazlett v. Mangel, 9 Pa. Superior Ct. 139; Snyder v. Boring, 4 Pa. Superior Ct. 196; Com. v. Meredith, 5 Binney, 432; Clippinger v. Creps, 2 Watts, 45; National Cash Register Co. v. Kirkpatrick, 16 Pa. Dist. Rep. 256.

*H. F. Maynard* of *H. F. Maynard & Son,* with him, *A. L. Laws,* for appellee, cited: Barnard v. Field, 1 Dall. 348; Fitler v. La Breure, 1 S. & R. 363; Penman v. Wayne, 1 Dall. 241.

OPINION BY RICE, P. J., July 14, 1909:

One of the requisite qualifications of appraisers in a distress for rent is that they shall be "reputable freeholders:" Act of March 21, 1772, sec. 1, 1 Sm. L. 370. An examination of the decisions defining the terms " freeholder," and " freeholder of the county," shows that the meaning to be ascribed to them in the construction of statutes depends to some extent on the context, and the purpose for which the qualification is prescribed. For example, having regard to these considerations, it has been held in some cases outside this commonwealth involving the interpretation of the latter term that residence in the county is the essential qualification, in others that it is the ownership of a freehold situate in the county. So in interpreting the term "freeholder" in the section of the act of 1810 relating to stay of execution it was held in Clippinger v. Creps, 2 Watts, 45, that it was to be presumed that the legislature intended it to be understood as it was defined in the earlier act of 1725. "When a subsequent act," said ROGERS, J., "dispenses with bail from a freeholder, which it exacts from others, we are to take it that the legislature has reference to freeholders as understood in the statute." But we know of no Pennsylvania decision which holds that to be qualified as an appraiser of goods distrained for rent the freeholder's estate must be absolutely unincumbered, or that it must be situate in the commonwealth. Nor do we see any substantial ground for adding either of these qualifications

by judicial construction to those that the legislature has seen fit to prescribe. In the present case the appraiser whose qualifications are principally questioned was a resident of the borough as well as of the county wherein the goods were distrained and the appraisement was made, and was the owner of real estate in fee in an adjoining county in the state of New York. The court held that he was a freeholder, not only at common law but also within the meaning of the statute, and that conclusion is concurred in by the majority of the judges of this court who heard the case.

The assignments of error are overruled and the judgment is affirmed.