# Nydes *v.* Royal Neighbors of America, Appellant.

*Beneficial associations—Membership application—Physical condition—Misrepresentations — Death benefit — Uncontradicted oral evidence—Case for jury—New trials—Practice, Supreme Court.*

1. Where a case depends on oral testimony, although uncontradicted, such testimony must be submitted to the jury.

2. Where a verdict is against the weight of the evidence a new trial should be awarded; but where no motion for a new trial is made, the Supreme Court will not reverse a judgment entered on a verdict although inclined to the view that a different result would better accord with the demands of justice.

3. In an action against a beneficial association on a death certificate, where the defense was that in the application for membership in the defendant association deceased had made material misrepresentations and concealments as to his physical condition and medical history, and in particular a statement to the effect that he had not consulted a physician in regard to personal ailments within a certain time, the case was for the jury and a verdict for the plaintiff will be sustained, although there was uncontradicted testimony of an attending physician that at the very time the insured submitted his application for membership he was and had been for some time a patient receiving treatment for tuberculosis, from which he died shortly thereafter.

Argued Oct. 9, 1916. Appeal, No. 11, Oct. T., 1916, by defendant, from judgment of C. P. Allegheny Co., Oct. T., 1912, No. 2840, on verdict for plaintiff in case of Bessie Nydes v. Royal Neighbors of America. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and FRAZER, JJ. Affirmed.

Assumpsit on a death benefit certificate. Before HAY-MAKER, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $2,272.33 and judgment thereon. Defendant appealed.

*Errors assigned* were in refusing to direct a verdict for defendant and in refusing to enter judgment for defendant n. o. v.

*J. A. Langfitt,* with him *U. A. Screechfield, H. W. McIntosh,* and *Thos. F. Garrahan,* for appellant.—The appellant's misrepresentations as to his physical condition and medical history preclude a recovery on the certificate: United Brethren Mutual Aid Society v. O'Hara, 120 Pa. 256; Mengel v. Northwestern Mutual Life Insur-

ance Co., 176 Pa. 280; Wall v. Royal Society of Good
Fellows, 179 Pa. 355; March v. Metropolitan Life In-
surance Co., 186 Pa. 629; Lutz v. Metropolitan Life In-
surance Co., 186 Pa. 527; Rigby v. Metropolitan Life Ins.
Co., 240 Pa. 332; Shannon v. Knights of the Maccabees,
54 Pa. Superior Ct. 634; Meyers v. Woodmen of the
World, 193 Pa. 470; Timlin v. American Patriots, 249
Pa..465; Commonwealth Mutual Fire Ins. Co. v. Hunt-
zinger, 98 Pa. 41.

*Edmund K. Trent,* of *Prichard and Trent,* with him
*R. P. Marshall* and *M. R. Marshall,* for appellee.

OPINION BY MR. JUSTICE STEWART, February 5, 1917:

The action was brought to recover on a benefit certifi-
cate issued by the Royal Neighbors, a fraternal beneficial
association, to one Peter Nydes, in the sum of two thou-
sand dollars, in which Bessie Nydes, wife of said Peter,
was named as the beneficiary. It was defended against
on the ground that in his application for membership in
the association the insured had made material misrep-
resentations and concealments as to his physical health,
the medical history of himself and his parental kin, and
his own personal habits as well. It is not necessary to
recite the various provisions in the application for mem-
bership, in the laws of the association, and the admis-
sions and waivers contained in the medical examination,
on which defendant relied to escape liability. It is suf-
ficient to say that once the material misrepresentations
and concealments complained of were established at law
recovery on the policy was thereby made impossible. At
the conclusion of the evidence defendant moved for bind-
ing instructions. This motion was declined and excep-
tions to the ruling granted. In a charge to which no ex-
ception was taken the court submitted the case to the
jury, and upon a verdict being returned for the plaintiff
for the amount of the policy, a motion for judgment non
obstante followed. Upon the refusal of this motion the

present appeal was taken.  These two rulings constitute
the only assignments of error.  Together they present a
single question, and to it our consideration of the case
must be confined.  Was the case one, which, upon its
facts, was exclusively for the jury?  If so, our consider-
ation of the case ends with that determination.  While,
after a careful review of the entire record, we are much
inclined to the view that a different result than that
reached by the jury would better accord with the de-
mands of justice, yet the case has now passed beyond the
stage, where, even though the verdict fail to command
concurrence, it can be corrected.  For the correction of
any such error, if error it be, the remedy always is in
the hands of the court before which the case was tried.
The duty of the court in all such cases is to correct the
mischief, where it exists, by granting a new trial.  In
this case no new trial was asked for, and it is now too
late to demand it.  As we have said, the one and only
matter we are called upon to consider is whether this
case was exclusively for the jury.  The answer to this
must be, in view of the fact that the evidence in regard to
what we must consider the material and determining
facts in the case, was almost entirely parol, that it would
have been in disregard of settled authority had the court
taken the case from the consideration of the jury.  The
evidence most relied upon by the appellant is to be found
in the testimony of an attending physician of the State
tuberculosis dispensary of Pittsburgh—testimony in no
wise impeached or contradicted—to the effect that at the
very time the insured submitted his application for mem-
bership in the association, in which he stated he had not
consulted any person, physician or physicians in regard
to personal ailments, the insured, was, and had been
for some length of time prior a patient receiving treat-
ment at his hands at the dispensary for pulmonary tuber-
culosis, the disease of which he died during the month
of March following.  This testimony was not assailed,
nevertheless, being oral, it was necessarily for the jury to

pass upon.  So this court has decided in a number of cases when the exact question has been before it.  In Reel v. Elder, 62 Pa. 308, 316, it is said by SHARSWOOD, Justice: "However clear and indisputable may be the proof, when it depends upon oral testimony it is nevertheless the province of the jury to decide, under instructions from the court, as to the law applicable to the facts, and subject to the salutary power of the court to award a new trial if they should deem the verdict contrary to the weight of the evidence."  The case of Grambs v. Lynch, 20 W. N. C. 376, 377, is equally in point.  There it was held by the court below that, "where a witness swears positively to a fact and that fact is not contradicted, it is established, and there is nothing to submit to the jury." On appeal this court held, speaking by PAXSON, J.: "This is an erroneous statement of the law.  It is settled law when a case depends on oral testimony that such testimony must be submitted to the jury."  It is needless to cite further authorities.

The refusal of the court to usurp the jury's prerogative in this case—for it would have come to this had the court either given binding instructions or entered judgment non obstante—being the only matter here complained of, and the court's action in that regard being free from error, nothing is left us but to affirm the judgment, and it is now so ordered.

