# Sorensen *v.* Quaker City Poster Advertising Co., Appellant.

*Negligence—Defective sign—Wind—Act of God—Custom—Evidence—Inferences from evidence—Appeals—Refusal of judgment n. o. v.*

1. In an action for personal injuries caused by a piece of signboard blown against plaintiff, evidence that the sign had been built according to proper usage and custom, is not conclusive, but must be submitted to the consideration of the jury, even though uncontradicted.

2. However indisputable the proof of a usage or custom may be, if it depends on oral testimony, its consideration is for the jury.

3. The testimony of witnesses, though not expert sign builders, is admissible as to whether an alleged defective sign had been properly constructed.

4. Evidence as to whether a sign had been blown down in an unusual storm, and that the fall was due to an act of God, is, if contradicted, a question for the jury.

5. On an appeal from order refusing judgment for defendant n. o. v. plaintiff's testimony and the inferences therefrom must be taken in the light most favorable to him.

Argued May 19, 1925. Appeal, No. 302, Jan. T., 1925, by defendant, from judgment of C. P. No. 5, Phila. Co., Dec. T., 1923, No. 2312, on verdict for plaintiff, in case of Max H. Sorensen v. Quaker City Poster Advertising Co. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER, JJ. Affirmed.

Trespass for personal injuries. Before MARTIN, P. J. The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $5,000. Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment for defendant n. o. v.

*John J. McDevitt, Jr.,* with him *Nochem S. Winnet,* for appellant.—Defendant's signboard having been built in accordance with the usual and customary methods and plans of sign construction, disproves negligence on its part: Iron Ship Building Wks. v. Nuttall, 119 Pa. 153; Titus v. R. R., 136 Pa. 618; Cunningham v. Bridge Works, 197 Pa. 625; Kilbride v. Carbon Co., 201 Pa. 552; McGeehan v. Hughes, 223 Pa. 524; Fullick v. Oil Co., 260 Pa. 4; Ulm v. Tin Plate Co., 263 Pa. 327; Nichol v. Telephone Co., 266 Pa. 463; Farne v. Lighting Co., 275 Pa. 444, 447.

The testimony and physical facts show that the collapse of the sign was due to the unusual and freakish storm or act of God: Martin v. Phila., 54 Pa. Superior Ct. 563.

The signboard did not give way at the point of the alleged defect, and consequently the defect was not the proximate cause of the accident: Kelenski v. John Wood Co., 253 Pa. 77; Direnzo v. Bridge Wks., 265 Pa. 561.

*Thomas F. Gain,* for appellee.—There was evidence to warrant the jury in finding negligence on defendant's part with respect to the construction of the sign.

The character of the storm was a question for the jury: B. & O. R. R. v. School District, 96 Pa. 65; Helbing v. Cemetery Co., 201 Pa. 171; Siegfried v. Borough, 27 Pa. Superior Ct. 463; Fortunato v. Shenango Limestone Co., 278 Pa. 499.

The defective construction of the sign was the proximate cause of plaintiff's injuries.

OPINION BY MR. JUSTICE KEPHART, June 27, 1925:
Plaintiff was struck by a piece of tin and wood blown from defendant's sign, located a few feet from the public

highway. Plaintiff charged negligent construction; on this issue he sued and recovered damages.

There was testimony of witnesses who, though not expert sign builders, were competent to testify as to whether or not the sign was properly constructed, from which the jury could find improper construction. The weight and credibility of this evidence were for the jury. The court below would have been clearly in error to have excluded it. Defendant showed the sign had been built according to the usage and custom of sign builders of the United States. This, if believed by the jury, should disprove any negligence in the construction of defendant's sign (Cunningham v. Fort Pitt Bridge Works, 197 Pa. 625), but, even if defendant's evidence had been uncontradicted, the court could not have given binding instructions. However indisputable the proof as to usage or custom may have been, depending as it did on oral testimony, the jury was the sole body to determine that fact: Reel v. Elder, 62 Pa. 308, 316; Lydes v. Royal Neighbors of America, 256 Pa. 381, 384; Duffy v. York Haven Water & Power Co., 233 Pa. 107, 110; Shaughnessy v. Director General of Railroads, 274 Pa. 413, 416.

In passing on the record before us, plaintiff's testimony must be taken in a light most favorable to him. He is entitled to the benefit of every inference that may be drawn from it: Derrick v. Harwood Electric Co., 268 Pa. 136. The single matter which the court below was called on to decide was whether there was sufficient evidence to submit to the jury. In answering this, it is immaterial how strong defendant's testimony may be (Thatcher v. Pierce, 281 Pa. 16), and, as we have stated, there was sufficient from which the jury could find improper construction.

The witnesses differed as to whether or not the storm was an unusual one, and the fall caused by an act of God. The evidence being contradictory, that question was for the jury: Fortunato v. Shenango Limestone Co., 278 Pa. 499; Fitzpatrick v. Penfield, 267 Pa. 564.

The court below rightly submitted to the jury the question of proximate cause, and the contention that it was physically impossible for plaintiff to have been struck by a part of the sign. One of appellee's witnesses testified she saw a piece of wood with a jagged edge of tin, blown from the sign and across the street, strike the plaintiff and knock him down. The court below did not commit error in refusing to enter judgment n. o. v.

Additional assignments have been filed since argument, attacking the admission of the testimony of experts. They were duly qualified to express opinions, and the plain inference from the evidence sustains plaintiff's case. After a careful review, all the assignments are overruled and the judgment is affirmed.

Judgment affirmed.