Ella Durning, a Minor, by her father and next friend, Charles Durning, and Charles Durning in his own right, v. Samuel Hyman, Appellant.

Argued October 9, 1928.

Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*George F. Lowenthal,* of *Horton & Lowenthal,* for appellant, cited: Hyman v. Durning, 286 Pa. 376; Glynn v. Lyceum Theatre Co., 87 Conn. 237; Strobel v. Park, 292 Pa. 200.

*A. B. Hirsch,* of *Hirsch and Salus,* for appellee, cited: Sellmer v. Ringling Brothers, 62 Pa. Superior Ct. 410; Shafer v. Lacock, 168 Pa. 497.

OPINION BY GAWTHROP, J., November 21, 1928:

The minor plaintiff, a girl of thirteen, was a patron of a moving picture theatre operated by defendant. When she took her seat one side of it gave way, causing her to be thrown to the floor. Personal injuries resulted. At the trial of the action instituted to recover damages, she and one of her companions testified that the seat "broke." Defendant offered evidence that he had exercised reasonable care in providing a safe seat and had a proper inspection made every day for the purpose of maintaining the seats in proper order. The verdict was for plaintiffs. The sole question presented for our consideration is whether the trial judge should have given binding instructions for defendant. It is urged upon us in his behalf that he was entitled to binding instructions because the uncontradicted evidence offered by him

showed that the premises were properly inspected and that he exercised due care to prevent harm to his patrons. Apparently this contention results from a misconception of what was decided by our Supreme Court when this case was before it on an appeal from the entry of a non-suit upon the same evidence which plaintiffs presented at the second trial. See Durning v. Hyman, 286 Pa. 376. In reversing the judgment of non-suit that tribunal said, inter alia: ''The defendant, in such cases, is called upon to show, not necessarily the cause of the accident, but that he exercised due care to prevent harm. If such facts appear in the testimony of the plaintiff, a non-suit should be entered, or, if established in defense, binding instructions are properly given, but in one way or the other, a satisfactory explanation is required.'' We do not understand this expression to mean that oral testimony offered by a defendant in this character of case, to establish the fact that he exercised due care to furnish a safe place for his patrons, is entitled to any more weight than any other oral testimony. For in the same opinion, the court cited with approval a number of cases from other jurisdictions, holding that in the absence of proof by defendant showing a condition of uncontradicted facts establishing a reasonable degree of care to keep the premises in proper condition, the question is for the jury. The court below correctly held that the credibility of the witnesses called to establish this defense, as well as the sufficiency of the inspection, was for the jury. However indisputable the proof may have been, depending as it did on oral testimony, the jury was the sole body to determine the weight to be given to it; the credibility of a witness is always for the jury: Sorenson v. Quaker City P. Adv. Co., 284 Pa. 209.

The judgment is affirmed.