In re: Annexation of a Portion of Abington Twp. to Boro. of Jenkintown.

228

Argued December 9, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Drew, JJ.

*David E. Groshens,* and with him *Harry S. Ambler, Jr.,* for appellant.—The petition for annexation was fatally defective inasmuch as it was not signed by a majority of the freeholders of the territory proposed to be annexed: Borough of Little Meadows, 28 Pa. 256; Mountville Borough, 31 Pa. Superior Ct. 18; Ephrata Borough Annexation, 41 Lanc. L. Rev. 513; Socket v. Norristown Transit Co., 62 Pa. Superior Ct. 542; Scotdale Borough Annexation, 91 Pa. Superior Ct. 1.

*Samuel H. High,* and with him *John M. Dettra* and *Aaron S. Swartz, Jr.,* for appellee, cited: Simpson v. Coe, 3 N. H. 85; Porter Township Annexation 75 Pa. Superior Ct. 543.

OPINION BY GAWTHROP, J., February 27, 1931:

The Township of Abington brings this appeal from an order dismissing its complaint made in the court below against an ordinance of the Borough of Jenkintown annexing a portion of the township to the borough. The ordinance was passed pursuant to a petition to the borough council filed under Section 425 of the General Borough Act of 1927, P. L. 519, which provides: "Any borough may, by ordinance, annex adjacent land situate in the same or any adjoining county, upon petition of a majority of the freeholders of the territory proposed to be annexed." The petition was filed June 29, 1929, by Fidelity-Philadelphia Trust Company and Bayard Hand, executors and trustees under the will of Mary Roberts Colton, deceased, and by Susannah B. Keller. It averred that they are all of the freeholders of a certain tract of land situate in the Township of Abington lying immediately north of the Borough of Jenkintown and described in the petition by courses and distances. This land was described also as being (1) premises known as "Wyndhurst" owned by the said Mary Roberts Colton, who died May 17, 1929, leaving a last will and testament probated by the register of wills of the County of Montgomery, wherein and whereby she gave and devised said real estate to the Fidelity-Philadelphia Trust Company and Bayard Hand as executors and trustees; and (2) premises owned by the said Susannah B. Keller in fee. On the day of the presentation of this petition to the borough council, that body passed an ordinance annexing to the borough the territory described in the petition, and the ordinance was approved by the burgess the following day.

The petition and the ordinance described the territory to be annexed as bounded by the center line of Rydal Road. This line was not contiguous to the borough, but was separated from it by the southeast half of Rydal Road. At that time the boundary of the borough was the southeast side of Rydal Road. The effect of this ordinance was to leave unannexed the land included in the southeast half of Rydal Road. Subsequently on August 26, 1929, the borough council, without receiving a new petition, enacted a supplemental ordinance which described the land annexed as running with the southeast side of Rydal Road, the boundary of the borough before annexation.

The question before the court below and now presented here is whether "all the requisites and precedent conditions necessary for the annexation of adjacent territory by borough ordinance under the present statute" appear, with reasonable certainty, to have been complied with. See Porter Township Annexation, 75 Pa. Superior Ct. 543, and cases therein cited. Appellant contends that the statutory requirements for annexation were not complied with, because (1) the petition for annexation was not signed by a majority of the freeholders of the territory proposed to be annexed; (2) the petitioners were not resident freeholders of the territory proposed to be annexed; (3) the ordinance of August 26, 1929, did not follow the petition and includes and purports to annex land not described in the petition. It contends also, (4) that the proposed annexation will spoil the "symetry of the contour of both borough and township," and is not within the scope and intent of the provisions of the statute upon which it is based; and (5) that the statute does not contemplate the annexation to a borough of part of a first class township under circumstances such as those existing in this case.

Appellant's 4th and 5th contentions are so void of merit as to require but brief discussion. From an in-

spection of the draft filed with the record it does not appear that the proposed annexation makes the dividing line between the township and the borough more irregular and less symmetrical. But this question is unimportant. The Legislature has given to boroughs the right to annex territory by taking the land of a township. The courts may not substitute their discretion for that of borough authorities in the matter. Courts are concerned only with the legality, not the wisdom, of the action of the borough: Fister v. Kutztown Borough, 49 Pa. Superior Ct. 483. There is no legislative prohibition against a borough's annexing the territory lying within a first class township and this complaint is one which should be addressed to the Legislature rather than to a court.

(1) In support of the contention that the petition for annexation was not signed by a majority of the freeholders of the territory proposed to be annexed, it is urged, first, that the Fidelity-Philadelphia Trust Company and Bayard Hand, who signed the petition as executors and trustees under the will of Mary Roberts Colton, deceased, did not have a freehold interest in the real estate of their testatrix; and second, that the petitioners did not constitute a majority of the freeholders of the territory proposed to be annexed, because there were five freeholders of land included in the second ordinance who did not sign the petition. The petition averred that the petitioners were all of the freeholders of the land sought to be annexed to the borough. The original ordinance and the supplemental ordinance recite that they were enacted upon a petition signed by all of the freeholders of the land proposed to be annexed. The petition avers also that the decedent, Mary Roberts Colton, gave and devised her real estate unto the Fidelity-Philadelphia Trust Company and Bayard Hand, as executors and trustees. The appellee produced no proof to the contrary. We do not doubt that an executor and

trustee can be a freeholder within the meaning of that term as used in the sections of the General Borough Act of 1927 relating to the annexation of territory. In determining the question who was a freeholder within the meaning of the second section of the Act of April 1, 1834, P. L. 163, which relates to the incorporation of boroughs, this court said in Mountville Borough, 31 Pa. Superior Ct. 18, 22, following Clippinger v. Creps, 2 Watts 45: "At common law he who has the actual possession of land for life, or a greater estate, is a freeholder. It is evidently in this sense that the term is used in the act under consideration. He who holds, and not he who will hold, the estate, is the freeholder. This must be so; otherwise, if the present holder of the estate were opposed to the incorporation of a borough, and the remainder-man who is to hold it in the future were in favor of it, the latter might impose upon the former his proportion of the costs of incorporation and the increase taxes and other expenses growing out of the same, not only without his consent but in spite of his opposition. Surely the Legislature did not intend such a result." If the testatrix devised her land in Abington Township to her executors in trust, to sell the same and use the proceeds for the payment of legacies, the executors would be freeholders within the definition quoted; and other instances could be mentioned. In the face of the averment in the petition that the petitioners were freeholders of the land, and the statement of counsel for appellee in their brief (which was not denied by counsel for appellant) that the freehold interest of the executors was not questioned in the court below by counsel for appellee, we are of opinion that this complaint against the ordinance ought not to be sustained.

Were the owners of the small strips of land in the southeastern half of the bed of Rydal Road freeholders of the territory proposed to be annexed within the meaning of Section 425 of the Act of 1927? If they

were, the petition was not signed by a majority of the freeholders of that territory and is fatally defective. It cannot be doubted that where the title of an owner of land extends to the middle of an abutting street, as did the title of these lotholders, the title to that portion of the street remains in him, subject to the easement of the public: Phillips v. The Railroad Co., 78 Pa. 177. Such an owner has a freehold interest in the land over which the highway passes. It is as much a part of his freehold as the rest of his land. We see no escape from the conclusion that the petition which the borough council took as the basis of its action was not the petition of a majority of the freeholders of the territory sought to be annexed by the second ordinance. Justice STRONG observed in Devore's Appeal, 56 Pa. 163, that the legislative authority of a town council and burgess, under the Act of April 3, 1851, P. L. 325, to extend the boundaries of the borough was an extraordinary one and "it ought to appear clearly that they have authority for their action. All the requisites and preceding conditions which the Legislature has prescribed for the exercise of the power must be shown to have existed, and these must be shown with reasonable certainty." President Judge RICE said in Fister v. Kutztown Borough, supra, that the same principle was applicable in the construction and administration of the Act of April 22, 1903, P. L. 247, "and should be observed particularly because the action of council is not made dependent upon the giving of public notice of the proceeding, and is not subject to direct review by appealing to the court of quarter sessions, except perhaps......for irregularities apparent on the face of the record." We regard this principle equally applicable under the Act of 1927. The mistake made in failing to present to the borough council a petition signed by a majority of freeholders of the land sought to be annexed by the second ordinance is fatal to the validity of the ordinance.

(2) The contention that the petitioners must be resident freeholders of the territory to be annexed is unsound. The requirement of Section 425 of the act is that the petitioners be "freeholders" of the. territory proposed to be .annexed. The language is unambiguous and requires no judicial construction. Devore's Appeal, supra, relied on as sustaining the contention that the petitioners must be resident freeholders, construed the Act of April 3, 1851, P. L. 325, which required that the petitioners should be *residents* of the territory sought to be annexed.

(3) The only remaining question which requires discussion is whether the ordinance is void because it includes land not described in the petition. The petition is the foundation of the proceeding and the ordinance must follow it. See Porter Township Annexation, supra, and Fister v. Kutztown Borough, supra. The statute confers upon the borough council no power to annex land which was not embraced in the freeholders' petition. We are persuaded that the variance between the description of the land in the petition and that in the second ordinance may not be regarded as immaterial, and that a decision that in the circumstances there was a substantial compliance with the requisites which the Legislature has prescribed to be followed in such a proceeding would result in establishing a dangerous precedent "that might be set up as an excuse for disregarding the salutary provisions of the statute in other cases." See Fister v. Kutztown Borough, supra. Our conclusion is that this complaint against the ordinance should have been sustained.

The order of the court of quarter sessions is reversed and the ordinance is adjudged null and void. the costs to be paid by appellee.