## Timinski et ux. v. Meskinis et ux.

*Albert B. Carozza,* for plaintiffs; *Leo B. White,* for defendants.

COUGHLIN, J., April 27, 1931.—On February 18, 1931, a capias was issued against Anthony Meskinis in the aforesaid action of trespass for wilful and malicious arrest. Anthony Meskinis furnished a capias bond February 20, 1931, in the sum of $1000.

On March 7, 1931, a rule was granted upon Stanley and Nellie Timinski, plaintiffs, to show cause why the capias issued should not be abated. A rule to abate capias raises the question as to whether the defendant is a freeholder. The defendant and his wife jointly own real estate in the county by virtue of a deed to them dated August 5, 1926. They, therefore, hold an estate by entireties, such an estate being one conveyed to two persons, they being, at the time, husband and wife. It is an interest held by a husband and wife together so long as both live and, after the death of either, by the survivor so long as the estate lasts: Gasner *v.* Pierce et al., 286 Pa. 529. The property is jointly vested in them. Neither can dispose of their rights therein without the other joining: Beihl *v.* Martin, 236 Pa. 519. Each has a right to the present enjoyment of it: Meyers Estate (No. 1), 232 Pa. 89.

Defendant is a freeholder entitling him to exemption from arrest on a capias ad respondendum in a civil action, if he is a freeholder within the meaning of the Act of March 20, 1725, 1 Sm. Laws 164, section 1. At common law, an estate of freehold liberum tenementum, a frank tenement, is defined to be the possession of the soil by a freeman. At common law, he who has the actual possession of land for life or a greater estate is a freeholder: Mountville Borough, 31 Pa. Superior Ct. 18; Clippinger *v.* Creps, 2 Watts 45. He who holds and not he who will hold an estate is a freeholder.

The Act of March 20, 1725, 1 Sm. Laws 164, section 1, provides that no freeholder shall be arrested or detained in prison by any writ of arrest or capias ad respondendum in any civil action. The act defines the freeholder who is thus exempt as one "who hath resided therein [in the state] for the space of two years, and has fifty acres of land, or more, in fee-simple, well seated, and twelve acres thereof, or more, well cleared or improved, or hath a dwelling-house worth fifty pounds current money of America, in some city or township within this province, clear estate, or hath unimproved land to the value of fifty pounds like money." The only question here involved is whether the husband, as a tenant by the entirety, can be counted a freeholder. Diligence of counsel and of the court has failed to find any case in which the courts of this state have held that a tenant by the entirety is or is not a freeholder.

As stated by Judge Rice, in considering the qualifications of appraisers in distress for rent, and the law providing that they should be reputable freeholders: "An examination of the decisions defining the terms 'freeholder,' and 'freeholder of the county,' shows that the meaning to be ascribed to them in the construction of statutes depends to some extent on the context, and

the purpose for which the qualification is prescribed. For example, having regard to these considerations, it has been held in some cases outside this commonwealth involving the interpretation of the latter term that residence in the county is the essential qualification, in others that it is the ownership of a freehold situate in the county. So in interpreting the term 'freeholder' in the section of the Act of March 20, 1810, 5 Sm. Laws 161, relating to stay of execution it was held in Clippinger v. Creps, 2 Watts 45, that it was to be presumed that the legislature intended it to be understood as it was defined in the earlier act of 1725. 'When a subsequent act,' said ROGERS, J., 'dispenses with bail from a freeholder, which it exacts from others, we are to take it that the legislature has reference to freeholders as understood in the statute:' " Singer Sewing Machine Co. v. Follett, 39 Pa. Superior Ct. 429.

While it has been held that a tenancy by the entirety constitutes a freeholder under certain statutes: Village of Holcomb, in Ontario County, 162 N. Y. Supp. 848; and residence has been held sufficient under other statutes: Singer Sewing Machine Co. v. Follett, 39 Pa. Superior Ct. 429; the Act of 1725 defines the freeholder who is exempt, and an estate by the entireties does not bring one within its provisions.

Rule to show cause why the capias issued should not be abated is denied.

From Frank P. Slattery, Wilkes-Barre, Pa.