Peerless Soda Fountain Serv. Co., Appellant, *v.* Walsh and Boyle.

Argued March 9, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Gerald G. Dolphin,* and with him *Maurice S. Cantor,* for appellant.

*Paul H. Maxey,* and with him *Fred A. Hughes,* for appellee.

Opinion by Baldrige, J., May 4, 1932:

The plaintiff delivered possession of a soda fountain to Joseph W. Walsh on December 24, 1928, under a written bailment lease. Walsh was tenant under Edmund Boyle and on January 1, 1930, he was in default in payment of his rent to the extent of $1,275. On January 18, 1930, a landlord's warrant was directed to Louis Cohen, a deputy constable. Cohen and Boyle went to the premises together, where they found Walsh, to whom the warrant was read. Thereupon, Walsh informed them that everything belonged to him but the soda fountain, on which he had paid only three

or four hundred dollars. Then Walsh walked out and the lock was changed on the door. The property, including the soda fountain, was sold to Boyle for $292. Thereafter, replevin proceeding was instituted, a bond was filed by the appellant, and the soda fountain delivered to its possession. A trial was had and the judge directed a verdict in favor of defendant in the sum of $1,883.44.

At the trial, plaintiff proved ownership of the property in dispute and the leasing thereof to Walsh and his default. The defendant, relying upon title obtained at constable's sale, under distress proceeding for rent, was required to show, affirmatively, that all the statutory requirements incident to such a sale had been complied with: Manegold v. Quinn, 45 Pa. Superior Ct. 482, 486; Sookiasian v. Swift & Co., 100 Pa. Superior Ct. 69. A constable in serving a distress warrant and notice, under the Act of March 21, 1772, 1 Sm. L. 370 (68 PS 291), acts simply as agent or bailiff of the landlord and, therefore, no presumption arises as to the regularity of his acts. It is only after the distress is made, and notice thereof, that he acts as a public officer: Mortgage B. & L. Assn. v. Van Sciver, 304 Pa. 408.

The Act of 1772, supra, provides that where any goods or chattels shall be distrained for any rent due, notice thereof, with the cause of such taking, shall be left at the mansion house, or other most notorious place on the premises charged with the rent distrained for. In Snyder Bros. v. Boring, 4 Pa. Superior Ct. 196, we held that the notice should be in writing and must be sufficient to inform the tenant or owner what goods are taken and the amount of rent in arrear. It is, unquestionably, a better and safer practice to serve a written notice; but, assuming personal notice is sufficient (see Quinn v. Swartley, 240 Pa. 585, 589), the evidence adduced at the trial was not of such an in-

74

disputable character as warranted the court in giving binding instructions: Second Natl. Bank v. Hoffman, 229 Pa. 429; Nydes v. Royal Neighbors of America, 256 Pa. 381; Hagan Lumber Co. v. Duryea, 277 Pa. 345. Cohen, in his testimony, stated that all the conversation he had had with Walsh was: "I read the warrant to him and told him what it was and what we would have to do under the circumstances." Boyle stated that "after the notice was read to Mr. Walsh, he walked out." But, under the testimony of both Boyle and Cohen, one might conclude that the warrant was the only paper read to Walsh. If that was all, it was insufficient, as it was not in compliance with the notice required by the statute.

The court should have properly instructed the jury as to the duty of serving a notice on Walsh "with cause of such taking," and left for their determination whether such notice informed the tenant what goods were taken and the amount of rent in arrear.

As this case must be returned for a new trial, it seems advisable to express our views on the question as to whether there was sufficient notice to exempt the property from levy and sale, under the Act of May 3, 1909, P. L. 423 (12 PS 2171). This statute provides that all soda-water apparatus and appurtenances thereto leased or conditionally sold under a contract of sale reserving title in the vendor until paid for shall be exempt from levy and sale on execution or distress for rent, so long as the title remains in the owner, lessor or conditional vendor, provided that before levy or distress, the lessor or conditional vendor shall give notice to the landlord or his agent "that the same are leased, hired, or sold under reservation of title." In our view, the statement of Walsh to Boyle that he had paid three or four hundred dollars only on the soda fountain was not a sufficient notice as to bring it within the provisions of the statute referred

to, as exemption statutes are construed to be in deroga-
tion of the common law and are to be strictly complied
with.

Judgment is reversed with a venire facias de novo
awarded.