Pittsburgh Store Fixture and Equipment Company *v.* Panelas et al., Appellant.

Argued April 27, 1933.

Before Trexler, P. J.,
Keller, Cunningham, Baldrige, Stadtfeld, Parker
and James, JJ.

Harry R. Levy, for appellant.

Joseph H. Reich, and with him Morris L. Marcus
and Eli E. Reich, for appellee.

Opinion by Baldrige, J., July 14, 1933:

This is an appeal from a judgment entered in an
action of replevin for want of a sufficient affidavit of
defense.

The plaintiff, a lessor, claims title and right of pos-
session to certain restaurant fixtures, under a bail-
ment lease with V. J. Panelas and E. A. Psirdukis,
trading as the Walnut Street Lunch, due to their
failure to comply with the terms of the lease. At the
time of the issuance of the writ of replevin, the fix-
tures were in possession of, and title is now claimed
by, William G. Heep. He obtained leave to intervene
as defendant, and filed an affidavit of defense. After

a motion was made for a judgment for want of a sufficient affidavit of defense, a supplemental affidavit of defense was filed. The defendant based his title and right of possession on a purchase, from Nathan Levy, of the property levied upon, prior to the issuance of the writ of replevin. The lessees in the bailment lease had defaulted in payment of their rent to the landlord. A distraint proceeding was issued, the goods were levied upon, and it is alleged they were appraised, and sold by the constable to Levy. Attached to the supplemental affidavit of defense was "a true and correct copy of said appraisement" of the chattels claimed by the plaintiff. In that exhibit, relied upon by defendant, it appears that no appraisement was actually made. The appellant contends that, notwithstanding this apparent omission, the legal presumption is that the constable's sale was had in accordance with law. Prior to an appraisement, there is no presumption as to the regularity of a constable's acts, but after the distress is made, and notice thereof is given, a favorable, but rebuttable, presumption arises: Mortgage B. & L. Assn. v. Van Sciver et al., 304 Pa. 408, 417, 155 A. 920. The difficulty that confronts the defendant, however, is that he rebuts the presumption himself by an exhibit attached to and made part of the affidavit of defense, as above noted, thus affirmatively showing that there was no appraisement, which is fatal to a title claimed under a constable's sale. The Act of March 21, 1772, 1 Sm. L. 370 (68 PS §291), "requires an appraisement of goods distrained for rent, before being sold, so that excessive distress may not be made; and this is absolutely essential to a valid sale, and can only be dispensed with by the owner, or some one having equivalent authority": Briggs et al. v. Large et al., 30 Pa. 287, 291. The appellant attempts to escape from the effect of the exhibit, by contending that it was surplusage,

that whether or not there was an appraisement was a matter of proof at the trial. This argument cannot prevail. A material matter that is pleaded cannot be thus disregarded, nor is the defendant in a position to complain that the facts he averred were accepted as true; he is bound thereby. If the figures of an appraisement were inadvertently omitted from the "inventory and appraisement," a request for an amendment would have been proper. But the record does not disclose any effort to amend further, nor is there an assignment to a failure of the court to permit an amendment.

The constable's sale, by the defendant's own averments, not being in conformity with the statutory requirement, the title acquired by the purchaser at that sale, which was subsequently transferred to the appellant, was defective, and the plaintiff is entitled to a summary judgment: Peerless S. F. S. Co. v. Walsh and Boyle, 105 Pa. Superior Ct. 71, 160 A. 149.

Judgment affirmed.