244

## Pinkus & Sons v. Olcheski et al.

*Irving L. Epstein*, for plaintiff.
*F. E. Scott* and *F. J. Scott*, for defendants.

LEACH, P. J., April 22, 1936.—The plaintiff's title in replevin arose from a landlord's sale. In such case he must show affirmatively that all the statutory requirements of said sale had been complied with: Peerless Soda Fountain Service Co. v. Walsh et al., 105 Pa. Superior Ct. 71, and cases there cited. Part of the statutory requirements is that the goods and chattels shall be appraised by two reputable freeholders. One of the appraisers was an owner of land by entireties with his wife. The trial judge followed certain decisions wherein the term is defined under the Act of March 20, 1725, 1 Sm. L. 164, which statute provides that a freeholder with certain additional qualifications shall not be liable to arrest. Under these decisions certain additional requirements are necessary to that of the common-law definition of freeholder. A freeholder has been defined in Bouvier's Law Dictionary as follows: "The owner of a freehold estate. One who owns land in fee or for life, or for some indeterminate period. The estate may be equitable or legal."

In Singer Sewing Machine Co. v. Follett, 39 Pa. Superior Ct. 429, that court held that the meaning of the term "freeholder" depends to some extent on the context and the purpose for which the qualification is prescribed in construing certain statutes. The said court refused to add to the qualifications of the term "freeholder" under the Landlord and Tenant Act of March 21, 1772, 1 Sm. L.

370, under which this proceeding is brought. This precedent is controlling upon us and the trial judge was in error in holding that the appraiser who was the owner of an estate by the entireties was not a freeholder under that statute.

Now, April 22, 1936, the rule for new trial is made absolute and the rule for judgment n. o. v. is discharged.

From William A. Wilcox, Scranton.