## Hollidaysburg Borough Annexation Case.

Argued September 13, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Harrison C. Snyder,* with him *Merle K. Evey,* for appellant.

*John R. Strawmire,* for appellee.

OPINION BY ERVIN, P. J., November 16, 1967:

This is an appeal by the Borough of Hollidaysburg from the order of the court below which .declared an ordinance of the borough, purporting to annex a portion of the Township of Frankstown, null, void and of no effect.

The case involves the annexation of approximately 550 acres of the Sylvan Hills area of Frankstown Township to the Borough of Hollidaysburg. The proponents of annexation began to circulate petitions in the Sylvan Hills area during the month of November 1966. Originally the description of the proposed territory included both the Sylvan Hills area and an area in the vicinity of Lower Brush Mountain Road. However, the circulators found that the residents of the Lower Brush Mountain Road area did not desire annexation. Therefore, about January 10, 1967, they changed the description in the petitions so that the Lower Brush Mountain Road area, which included approximately 36 assessed properties, was eliminated and the petitions continued to circulate with the revised description. The record shows that a majority of the signatures were obtained prior to January 10, 1967 and that no resident of the Lower Brush Mountain Road area signed the petitions either before or after that date.

The petitions were presented to the Hollidaysburg Borough Council on March 6, 1967, and on March 20, 1967, at a special meeting, Ordinance No. 451 was enacted, based upon the petitions presented.

On April 18, 1967 the Township of Frankstown filed a complaint against the aforesaid annexation ordinance in the Court of Quarter Sessions of Blair County alleging various grounds upon which the ordinance should be declared invalid.

A pre-hearing conference was held and it was determined that a hearing should be held limited to the issue of the effect of the change of description in the petitions while they were being circulated and that the other issues raised would be deferred.

The facts developed at the hearing were substantially as we have previously outlined and, following submission of briefs, the court below held that the al-

teration of the description was fatal to the proceedings and that the annexation ordinance was null and void.

It was said in *Irwin Borough Annexation Case (No. 1)*, 165 Pa. Superior Ct. 119, 67 A. 2d 757: "It must be emphasized that when a borough annexes land it exercises a delegated sovereign power. It is an 'extraordinary power', Fister v. Kutztown Borough, 49 Pa. Superior Ct. 483, 491, exercisable only upon petition and confined to the lands described therein, Porter Township Annexation, 75 Pa. Superior Ct. 543, 547, and a substantial difference between the description in the petition and the description in the ordinance will defeat the annexation. In Re Annexation of a Portion of Abington Township to Borough of Jenkintown, 101 Pa. Superior Ct. 227."

In that case 20 petitions were presented for the annexation desired. One of them, containing 21 signatures, was altered by the insertion of a description which it did not contain when signed. The court refused to consider the 21 signatures appearing upon that petition and, as a result, less than the necessary majority of freeholders had signed valid petitions. We can see no difference between adding a description to a petition and eliminating a description. Signers of a petition sign for a given geographical territory and it cannot be presumed that they would have signed the petition had it been presented in its altered form. It might very well be that the inclusion of the Lower Brush Mountain Road area was material to them and it cannot be presumed that they consented to its elimination.

It follows that the petition in the form that it was signed by a majority of the signers was not the one presented to borough council nor the one included in the annexation ordinance. We agree with the court below that this was a fatal defect and rendered the ordinance null and void.

The order of the court below is affirmed.