Phoenixville Borough Annexation Case.

Argued December 8, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*William J. C. O'Donnell,* for appellant.

*Robert S. Gawthrop, Jr.,* with him *Gawthrop and Greenwood,* for appellee.

OPINION BY MONTGOMERY, J., March 23, 1971:

This is an appeal in an action of annexation under The Borough Code, Act of February 1, 1966, P. L. (1965) 1656, §426, 53 P.S. §45426. This law provides, "Any borough may, by ordinance, annex adjacent land situate in a township of the second class in the same or any adjoining county, upon petition, and may attach such annexed territory to an existing ward or wards. The petition shall be signed by a majority in number of all of the freeholders of the territory to be annexed." In accordance with this provision, the Borough of Phoenixville, appellant, on November 15, 1966, enacted an ordinance annexing 99 acres of land in Schuylkill Township, Chester County. The ordinance was based on a petition for annexation which had been signed by six of the eleven persons having freehold interests in the subject realty. The six petitioners comprised three married couples, each couple owning its respective property as tenants by the entireties. On complaint[1] of Schuylkill Township, appellee, the lower court held the ordinance to be invalid for the reason that a majority of the freeholders had not signed the petition. It reasoned that, land held by the entireties being one freehold, the husband and wife are but one freeholder. Accordingly, it found that only three of a total of eight freeholders had signed the petition. Having so found, the court did not consider other objections raised by Schuylkill Township.

---

[1] The complaint did not aver that the petition was not signed by a majority of freeholders and no amendment has been made. However, since appellant has not argued the issue, we deem the complaint to be amended to include the said allegation.

This is a matter of first impression, no Pennsylvania appellate court cases having been called to our attention which define freeholder in connection with tenancy by the entireties. However, the term freeholder has been defined as one who has the actual possession of land for life, or a greater estate. *In re: Annexation of a Portion of Abington Twp. to Boro. of Jenkintown,* 101 Pa. Superior Ct. 227 (1931). Thus, the term freeholder used in the statute having a well established meaning, this case presents no problem of statutory construction. Under the Statutory Construction Act, Act of May 28, 1937, P. L. 1019, art. IV, §51, 46 P.S. §551, "When the words of a law are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." It has long been established that as a tenant by the entireties, each spouse holds at the minimum a life estate in the entireties property. See *Madden v. Gosztonyi Savings and Trust Company,* 331 Pa. 476, 200 Atl. 624 (1938), for a full discussion of the incidents of this relationship. Therefore, we hold that each spouse holding property as a tenant by the entireties is a freeholder under the statute involved and must be so counted. It was error for the court to find that an insufficient number of petitioners signed the petition and the ordinance cannot be held invalid on this ground. The weight of authority is in accord with our decision. *In re Village of Holcomb,* 97 Misc. 241, 162 N.Y. Supp. 848 (1916); *Maitlen v. Barley,* 174 Ind. 620, 92 N.E. 738 (1910); *Hinkley v. Bishopp,* 152 Mich. 256, 114 N.W. 676 (1908).

Although under our decision, we find that the question of whether the estate held by the entireties is one freehold interest and the fact that for some purposes the law considers the husband and wife to be one person under law are irrelevant on the question at issue

on this appeal, we suggest that the case of *Highspire Borough Annexation*, 82 Dauphin 362 (1964), on which the lower court based its decision, is distinguishable under the facts. In that case the court was required to calculate whether husband and wife are one or two persons in terms of The Second Class Township Code, Act of July 20, 1953, P. L. 550, §1, 53 P.S. §67501, which provided that, "A majority in interest of owners of undivided interests in any piece of property shall be deemed and treated as one person. . . ."

An owner is not synonymous with a freeholder. Such a distinction was clearly set out in the case of *Hinkley v. Bishopp*, supra, which is in accord with our decision in the present case. In that case at pages 260-61, 114 N.W. at 677, the court stated, "The testimony shows that the application was signed by a sufficient number of persons, if they were freeholders. Some of them owned land by entireties, and it is said that such are not freeholders and cannot be counted unless both husband and wife signed the petition. We are cited to the case of Auditor General v. Fisher, 84 Mich. 128 [47 N.W. 574]. In that case, under an act requiring a petition signed by the owners of certain property, it was held that when husband and wife held land as joint vendees in a land contract the signature of the husband alone was insufficient, those of both being necessary to a signing by 'the owner.' In this case, however, the signature by a definite number of freeholders is required. Every tenant by entireties has an estate for life, and is therefore a freeholder under our statute, 3 Comp. Laws, §8787, although he may have a common interest with another. In either case the quality of the estate of each person may be in the nature of a freehold sufficient to comply with the law requiring the signature of freeholders, but not sufficient to meet a requirement that the owner of certain land shall sign the applica-

tion. One does not own it, though each has a qualified freehold interest. We think, therefore, that the application was not void for want of signatures. See, also, People, ex rel. Godwin, v. Board of Education, 38 Mich. 95."

The order of the lower court is reversed; and the case is remanded for consideration of the averments in the complaint not previously adjudicated.

HOFFMAN, J., concurs in the result.