Robert E. **IANNELLI** and Dolores Iannelli, his wife, Plaintiffs,

v.

**H. Alan LONG,** District Director of Internal Revenue, Pittsburgh, Pennsylvania, and Harold T. Swartz, Acting Commissioner of Internal Revenue of the United States of America, Defendants.

Civ. A. No. 71–639.

United States District Court,
W. D. Pennsylvania.
Aug. 6, 1971.

James E. McLaughlin, McArdle, McLaughlin, Paletta & McVay, Pittsburgh, Pa., for plaintiffs.

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., Douglas McKinley, Tax Div., Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM OPINION

GOURLEY, District Judge.

This is a proceeding for preliminary injunction to have an assessment for excise taxes incident to alleged gambling operations declared invalid and to enjoin an execution that has been issued against realty and personalty of the husband and wife, who own said interests as tenants by the entireties.

 The Court has conducted full and complete hearings and it appears that it is not in dispute that the assessments originally made were against the husband and subsequent thereto the name of the wife was added thereto, which action was improper and not consistent with rules promulgated by Internal Revenue Service.

The procedure for assessment provides, inter alia, that the assessment officer shall sign the summary record of assessments made against any tax payer, that said action, through supporting records, shall provide identification of the tax payer, the character of the liability assessed, the taxable period as applicable, and the amount of the assessment. The date of the assessment is the date the summary record is signed by an assessment officer. 26 U.S.C.A. § 301.6203.1, Code of Federal Regulations. Since this procedure was not followed, the assessment is void and the executions based thereon are invalid.

The executions are against the property, real and personal owned by the husband and wife as tenants by the entireties. In Pennsylvania, where husband and wife own property as tenants by the entireties, each are the owner of the whole and a life estate is in each with title vesting in the survivor at the date of the death of either the husband or wife. Phoenixville Borough Annexation Case, 218 Pa.Super. 205, 275 A.2d 863.

It is agreed by counsel for all parties that the most simple way to adjudicate the issues involved is for the plaintiff to file a motion for leave to withdraw the request for injunctive relief without prejudice. This appears to the Court to be the most practical way to dispose of the issues involved, and has been done.